# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRENDA HAWKINS, and DEREK EINERSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DANAHER CORPORATION, RAINER M. BLAIR, MATT MCGREW, and EMMANUEL LIGNER,<br><br>Defendants. | Case No. 1:23-cv-02055 (AHA) |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement, dated April 20, 2026 (the "Stipulation"), is entered into by and among: (a) court-appointed lead plaintiff Brenda Hawkins ("Lead Plaintiff") and additional plaintiff Derek Einersen (collectively, with Lead Plaintiff, "Plaintiffs"), individually and on behalf of all Class Members (defined below); and (b) Defendants Danaher Corporation, Rainer M. Blair, Matt McGrew, and Emmanuel Ligner (collectively, "Defendants" and, together with Plaintiffs, the "Parties"), by and through their undersigned counsel of record in the above-captioned action. The Stipulation is intended to fully, finally, unconditionally, and forever resolve, discharge, and settle the Released Claims (defined below) and the Action, including any interlocutory appeals, subject to the approval of the Court and the terms and conditions as set forth herein.

## I. THE LITIGATION

The Action is pending before Judge Amir H. Ali in the United States District Court for the District of Columbia. Hawkins commenced the Action on July 17, 2023. ECF No. 1. The initial complaint asserted claims against Defendants Danaher, Blair, and McGrew for violations of the

federal securities laws.

On September 21, 2023, Hawkins filed a motion for appointment as lead plaintiff. ECF No. 16. By Order dated October 16, 2023, the Court appointed Hawkins as Lead Plaintiff and approved Lead Plaintiffs' selection of Pomerantz LLP as Lead Counsel, and Cohen Milstein Sellers & Toll PLLC as Liaison Counsel. ECF No. 22.

On December 29, 2023, Plaintiffs filed the operative First Amended Class Action Complaint for Violations of the Federal Securities Laws ("FAC"), which asserted claims against Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, codified at 15 U.S.C. §§ 78j(b) & 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, codified at 17 C.F.R. § 240.10b-5, putatively on behalf of a class of investors who purchased or otherwise acquired Danaher securities between January 27, 2022, and October 23, 2023, both dates inclusive for allegedly false and misleading statements that Defendants made during that time about Danaher's business and prospects, in particular the business that offered equipment used to manufacture biopharmaceutical vaccines and therapeutics, known as the "bioprocessing business." ECF No. 24. The FAC further alleged that the price of Danaher's securities was artificially inflated as a result of these statements, and that inflation was subsequently removed in response to a series of partial disclosures that allegedly revealed the truth to the market.

On February 27, 2024, Defendants filed a motion to dismiss ("MTD") the FAC along with supporting papers and a request for judicial notice ("RJN"). ECF Nos. 28-30. On April 29, 2024, Plaintiffs filed a brief in opposition to the MTD, along with supporting papers, and a brief in opposition to the RJN. ECF Nos. 32-33. On June 13, 2024, Defendants filed a reply brief in further support of the MTD and a reply brief in further support of the RJN. ECF Nos. 34-35.

While the MTD was pending, the Action was reassigned to Judge Ali. ECF No. 36.

On August 4, 2025, the Court entered an opinion and order granting in part and denying in part Defendants' MTD. ECF No. 37. On September 16, 2025, the Court entered the Stipulated Order for the Production and Use of Confidential Information reached between the Parties, ECF No. 41, and the Parties began serving discovery requests. As agreed between the Parties and ordered by the Court, Defendants answered the FAC on October 2, 2025. ECF Nos. 38, 43.

Counsel for the Parties appeared for an in-person scheduling conference before the Court on October 16, 2025. Following the scheduling conference, the Court entered a scheduling order, which, among other things: (i) set January 29, 2026, as the deadline to substantially complete the production of documents related to class certification; (ii) established February 27, 2026, as the deadline to file a motion for class certification; and (iii) directed the Parties to complete fact discovery by September 15, 2026. ECF No. 44.

On February 27, 2026, Plaintiffs filed a motion for class certification along with supporting papers, including an expert report from Dr. Zachary Nye. ECF No. 46.

On March 23, 2026, counsel for Plaintiffs, including Lead Counsel, and counsel for Defendants participated in a full-day, in-person mediation before David M. Murphy of Phillips ADR, a mediator with extensive experience in complex commercial litigation in federal court, including class actions brought under the federal securities laws. In advance of the mediation, the Parties exchanged confidential opening and reply mediation statements addressing liability and damages, copies of which were also provided to the mediator. After a full day of good-faith negotiation, the Parties received a mediator's proposal to settle the Action for $172.5 million, subject to the negotiation of the terms of a stipulation of settlement and approval by the Court, which the Parties accepted. After subsequent negotiations, the Parties memorialized the key terms

of their agreement in a Confidential Settlement Term Sheet, dated March 26, 2026 ("Term Sheet").

## II. PLAINTIFFS' ASSESSMENT OF THE CLAIMS AND THE SETTLEMENT

Plaintiffs believe that the claims asserted in the Action are meritorious and are supported by the evidence developed to date. Additionally, Lead Counsel is familiar with the applicable law underlying the alleged claims and believes that any defenses Defendants raise can be refuted and overcome at summary judgment and at trial. Nonetheless, Plaintiffs and Lead Counsel recognize the expense and delay associated with the continued prosecution of the Action through trial and any appeals. Plaintiffs and Lead Counsel have also taken into account the uncertain outcome and risk associated with litigation, both on merits issues and damages, especially in complex actions like this Action. Plaintiffs and Lead Counsel are also mindful of inherent problems of proof of, and possible defenses to, the federal securities law violations asserted in the FAC, including, but not limited to, proof of Defendants' state of mind, issues of causation and damages, the difficulty of obtaining complete evidence in the possession of non-parties, and practical impediments to judgment enforcement. Plaintiffs and Lead Counsel, based upon their thorough evaluation, believe that the Settlement set forth in this Stipulation confers substantial and immediate benefits upon Class Members and is in the best interests of Class Members.

## III. DEFENDANTS' DENIALS OF WRONGDOING OR LIABILITY

Throughout this Action, Defendants have denied, and continue to deny, that they engaged in any wrongdoing of any kind, or that they committed any act or omission giving rise to any liability, fault, wrongdoing, or violation of law, including the federal securities laws. Defendants deny that they committed any act or made any material misleading statement or omission giving rise to any liability under the federal securities laws. Defendants deny that they have committed any wrongdoing or violations of law as alleged in the FAC, any complaint in the Action, or that could have been alleged in the Action, and Defendants maintain that their conduct was at all times

proper and in compliance with applicable provisions in law. Defendants deny that they acted with the requisite intent to violate the federal securities laws. Defendants maintain that the claims asserted in the Action are without merit, and are entering into this Stipulation solely to eliminate the burden, expense, distraction, and uncertainty of continued litigation.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, by and through their respective undersigned counsel of record, that, subject to approval of the Court under Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement set forth in this Stipulation, the Released Claims shall be finally, fully, and forever compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Stipulation, as follows.

### 1. Definitions

As used in this Stipulation, the following terms shall have the meanings specified below:

1.1 "Action" means the lawsuit captioned *Hawkins v. Danaher Corp.*, Case No. 1:23-cv-02055, pending in the Court.

1.2 "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim in accordance with the requirements established by the Court that is accepted for payment pursuant to the Court-approved Plan of Allocation.

1.3 "CAFA Notice" means the notice of the Settlement that counsel for Defendants shall serve in accordance the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), as detailed more fully in ¶ 11.6.

1.4 "Claimant" means a Person who or which submits a Proof of Claim.

1.5 "Claims Administrator" means the firm that is chosen and retained by Plaintiffs and their Lead Counsel to provide all notices approved by the Court to potential Class Members,

process claims received by all Claimants, and perform such other administrative functions as are required under the terms of this Stipulation. Defendants will not have any responsibility for, involvement in, or liability for the selection of the Claims Administrator.

1.6 "Class," for Settlement purposes only, is defined as: All Persons who purchased or otherwise acquired Danaher common stock during the Class Period, and who were damaged thereby, except for: (i) Defendants and members of their immediate families; (ii) any person who was a director or officer of Danaher during the Class Period; (iii) any entity in which any Defendant has or had a controlling interest; (iv) the legal representatives, heirs, successors, or assigns of any such excluded party; and (v) any Class Members that submit a valid and timely request for exclusion from the Class in accordance with the requirements set by the Court.

1.7 "Class Member" means a Person that is a member of the Class for Settlement that does not exclude himself, herself, or itself by submitting a valid request for exclusion from the Class that is accepted by the Court. For the avoidance of doubt, "Class Members" means all such Persons.

1.8 "Class Period" means the period between January 27, 2022, and October 23, 2023, both dates inclusive.

1.9 "Court" means the United States District Court for the District of Columbia.

1.10 "Danaher" means Danaher Corporation.

1.11 "Defendants" means Danaher, Rainer M. Blair, Matt McGrew, and Emmanuel Ligner.

1.12 "Defendants' Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description, whether known or unknown (including Unknown Claims), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not

accrued, concealed or hidden, whether direct, representative, class, or individual in nature, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims to enforce the Settlement or this Stipulation, or any claims against any Class Member who submits a valid request for exclusion from the Class that is accepted by the Court.

1.13 "Defendants' Counsel" means any attorney or firm who has appeared in the Action on behalf of any Defendants, including the law firm Gibson, Dunn & Crutcher LLP.

1.14 "Effective Date" means the first date by which all of the events and conditions specified in ¶ 9.1 of this Stipulation have occurred, been met, or waived in writing.

1.15 "Escrow Account" means an interest-bearing account established for the Settlement controlled by the Escrow Agent to receive the Settlement Amount. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiff and the Class in accordance with the terms of this Stipulation and any order of the Court.

1.16 "Escrow Agent" means Huntington National Bank.

1.17 "Fee and Expense Application" means any application or applications for payments to Lead Counsel from the Settlement Fund for: (a) an award of attorneys' fees; and (b) reimbursement of actual expenses incurred in connection with prosecuting the Action, including, without limitation, the fees and expenses of experts, consultants, and investigators, and any interest earned on such fees and expenses.

1.18 "Fee and Expense Award" means and any fees and expenses awarded by the Court in response to the Fee and Expense Application, as detailed more fully in ¶¶ 7.1-7.5.

1.19 "Final," with respect to this Settlement, means that (a) the Court has entered an order finally approving the Settlement as provided in this Stipulation, including but not limited to certifying a Class for Settlement purposes only, approving the scope of the Releases, and entering the Judgment, and (b) the time to appeal has expired without the filing of an appeal or the Judgment has been affirmed in all respects in any appeal or review and is no longer subject to further appeal or review. However, the Settlement and the degree to which it is Final are expressly not conditioned upon the Court's approval of any particular Plan of Allocation, any Fee and Expense Award, or any compensatory award to Plaintiffs, or any appeals solely related thereto.

1.20 "Judgment" means the final judgment to be entered by the Court granting final approval of the Settlement, certifying the Class for Settlement purposes only, approving the Releases, and dismissing the Released Claims with prejudice and without costs to any of the Parties, which shall be substantially in the form attached hereto as Exhibit B or in a similar form adopted by the Court.

1.21 "Lead Counsel" means court-appointed lead counsel for the Class alleged in the FAC, the law firm Pomerantz LLP.

1.22 "Lead Plaintiff" means court-appointed lead plaintiff Brenda Hawkins.

1.23 "Liaison Counsel" means court-appointed liaison counsel for the class alleged in the FAC, the law firm Cohen Milstein Sellers & Toll PLLC.

1.24 "Net Settlement Fund" means the Settlement Fund less: (a) any Taxes or Tax Expenses; (b) any Fee and Expense Award approved by the Court; (c) any compensatory award to Plaintiffs approved by the Court; (d) any Notice and Claims Administration Expenses; and (e) any other Court-approved deductions.

1.25 "Notice" means the Notice of Pendency and Proposed Settlement of Class Action that will be made available to Class Members in accordance with ¶ 5.2 of this Stipulation substantially in the form attached hereto as Exhibit A-1 or in a similar form approved by the Court.

1.26 "Notice and Claims Administration Expenses" means all costs and expenses actually incurred by the Claims Administrator in connection with providing notice to the Class and administering the Settlement, including with respect to Proofs of Claim submitted by Claimants.

1.27 "Parties" means Plaintiffs, individually and on behalf of all other Class Members, and Defendants.

1.28 "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint venture, fund, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their heirs, successors-in-interest, or assigns.

1.29 "Plaintiffs" means Lead Plaintiff and Derek Einersen.

1.30 "Plaintiffs' Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description, whether known or unknown (including Unknown Claims), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, whether direct, representative, class, or individual in nature, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that were asserted in the Action or could have been asserted by Plaintiffs or any other Class Member in the Action or any other court or forum, that arise out of, are based upon, and relate to: (a) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action, or (b) the purchase or other

acquisition of Danaher common stock during the Class Period, except for claims to enforce the Settlement or this Stipulation, claims of any Class Member who or which submit a request for exclusion from the Class that is accepted by the Court, or derivative claims asserted by shareholders on behalf of Danaher in the shareholder derivative lawsuits captioned *Lanphear v. Blair*, Docket No. 1:26-cv-00275 (D. Del.), and *Camacho v. Blair*, Docket No. 2026-0375 (Del. Ch.).

1.31 "Plaintiffs' Counsel" means any attorney or firm who has appeared in the Action on behalf of Brenda Hawkins or Derek Einersen, including Lead Counsel, Laison Counsel, and the Schall Law Firm.

1.32 "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants described in the Notice, or such other plan or formula for allocating the Net Settlement Fund as the Court may approve.

1.33 "Preliminary Approval Order" means the order to be entered by the Court preliminarily certifying the Class for Settlement purposes only, preliminarily approving the Settlement, and authorizing notice thereof to the Class, via the Summary Notice, publication of the Summary Notice, and the Notice, which shall be substantially in the form of Exhibit A hereto or in a similar form adopted by the Court.

1.34 "Proof of Claim" means the Proof of Claim and Release form that must be submitted by a Class Member to receive a share of the Net Settlement Fund pursuant to the Court-approved Plan of Allocation, which shall be substantially in the form attached as Exhibit A-2 or in a similar form approved by the Court.

1.35 "Released Claims" means, collectively, Plaintiffs' Claims and Defendants' Claims.

1.36 "Released Defendant Parties" means (i) each Defendant; (ii) each of their respective immediate family members (for individuals) and any trust of which any Defendant is the settler or which is for the benefit of any Defendant and/or any member(s) of his family, and Defendants' Counsel; and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, underwriters, representatives, insurers, reinsurers, trustees, trustors, agents, attorneys, professionals, parents, subsidiaries, related entities, affiliates, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest.

1.37 "Released Parties" means, collectively, Released Defendant Parties and Released Plaintiff Parties.

1.38 "Released Plaintiff Parties" means (i) Plaintiffs, all Class Members, and each of their respective family members; (ii) Plaintiffs' Counsel; and (iii) for any of the entities listed in parts (i) or (ii), their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

1.39 "Releases" means the release of Released Claims against Released Parties pursuant to ¶¶ 3.1-3.4.

1.40 "Settlement" means the resolution of the Action on the terms and conditions set forth in this Stipulation.

1.41 "Settlement Amount" means one hundred seventy-two million and five hundred thousand U.S. dollars ($172,500,000) in cash to be paid in accordance with ¶ 2.1 of this Stipulation.

1.42 "Settlement Fairness Hearing" means a hearing to be held before the Court pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure to determine whether the proposed Settlement of the Action on the terms and conditions in this Stipulation should be approved by the Court.

1.43 "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto before any of the expenditures authorized herein.

1.44 "Stipulation" means this Stipulation of Settlement.

1.45 "Summary Notice" means the Summary Notice of Proposed Settlement of Class Action that will be disseminated to Class Members in accordance with Preliminary Approval Order substantially in the form attached hereto as Exhibit A-3 or in a similar form approved by the Court.

1.46 "Supplemental Agreement" means the supplemental agreement between the Parties described in ¶ 8.3 herein.

1.47 "Taxes" and "Tax Expenses" means: (a) all federal, state, and/or local taxes of any kind on any income earned by the Settlement Fund, together with any interest, penalties, or additions to tax imposed with respect to them; and (b) the reasonable and necessary costs and expenses incurred in connection with the implementation of ¶ 2.9 of the Stipulation, including, without limitation, the reasonable and necessary costs and expenses of tax attorneys and accountants.

1.48 "Unknown Claims" means: (a) any and all Plaintiffs' Claims that the Released Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to: (a) any and all Plaintiffs' Claims against the Released Defendant Parties; and (b) any and all Defendants' Claims against the Released Plaintiff Parties, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly waive, and each one of the Released Plaintiff Parties and Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and protections conferred by California Civil Code § 1542 and by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Released Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Plaintiffs' Claims or Defendants' Claims, but: (a) the Released Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each one of the Released Plaintiff Parties shall be deemed to have waived, compromised, settled,

discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all of Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each one of the Released Defendant Parties shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all of Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties acknowledge, and the Released Plaintiff Parties and the Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

**2. The Settlement Fund**

**a. Establishment of the Settlement Fund**

2.1 In full and final settlement of the Action, and in consideration of the Releases set forth in ¶¶ 3.1-3.4, all of which the Parties agree are good and valuable consideration, Defendants agree to pay or cause to be paid the Settlement Amount into the Escrow Account to be funded within thirty (30) days after the later of: (i) the entry of an order preliminarily approving the Settlement; and (ii) Defendants having received complete and accurate payment instructions, including a contact to verbally confirm such instructions and verbal verification of same, and a completed 2024 IRS Form W-9 for the Escrow Account.

2.2 Other than their obligation to pay or cause the payment of the Settlement Amount in accordance with ¶ 2.1, incur any costs associated with their good faith effort to provide the list(s) identifying shareholders of record in accordance with ¶ 5.3, and providing CAFA Notice in accordance with ¶ 11.6, the Released Defendant Parties shall have no obligation to make any other or greater payment for any purpose under this Stipulation.

2.3 This is not a claims-made Settlement. If all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Defendants or any other Person who or which paid any part of the Settlement Amount.

**b. The Escrow Agent**

2.4 At Lead Counsel's direction, the Escrow Agent shall invest the Settlement Fund exclusively in instruments or accounts backed by the full faith and credit of the United States Government or an agency thereof or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (i) fully insured by the Federal Deposit Insurance Corporation or (ii) secured by instruments backed by the full faith and credit of the United States Government. At Lead Counsel's direction, the Escrow Agent shall

reinvest the proceeds of these instruments as they mature in similar instruments or accounts at their then-current market rates. The Released Defendant Parties shall not bear any responsibility for, or liability related to, the investment of the Settlement Fund by the Escrow Agent.

2.5 The Escrow Agent shall not disburse any monies from the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Defendants' Counsel and Lead Counsel.

2.6 The Escrow Agent may use the Settlement Fund to pay: (i) Taxes and Tax Expenses as provided in ¶¶ 2.9-2.11; (ii) Notice and Claims Administration Expenses as provided in ¶¶ 2.12-2.13; (iii) any Fee and Expense Award permitted by the Court as provided in ¶¶ 7.1-7.5; and (iv) any others fees or expenses awarded by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 6.4-6.8.

2.7 Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.

2.8 Except as provided herein or otherwise ordered by the Court, the Net Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall either be distributed to Authorized Claimants or returned to the parties who deposited such funds pursuant to this Stipulation and/or further order of the Court. Once the Settlement becomes Final, there shall be no reversion whatsoever of any of the Settlement Amount to any of the Defendants or any other Person who or which paid any portion of the Settlement Amount.

**c. Taxes and Tax Expenses**

2.9 The Parties agree as follows for purposes of Taxes and Tax Expenses:

(a) The Parties agree that the Escrow Agent shall treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. The Parties further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treasury Regulation § 1.468B-1(c)(1). In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.9, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b) For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treasury Regulation §1.468B-2(k)(3)) shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other federal, state, and local tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the elections described in ¶ 2.9(a)) shall be consistent with this ¶ 2.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(c) The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.9. Upon written request, Defendants' Counsel agrees to make good faith efforts to provide the Escrow Agent with the statement described in Treasury Regulation § 1.468B-3(e).

2.10 All Taxes and Tax Expenses shall be paid out of the Settlement Fund. Taxes and Tax Expenses shall be treated as and considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Fund without further order of the Court. The Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)).

2.11 The Released Parties shall have no liability or responsibility for Taxes or Tax Expenses or any funds withheld from distribution to Authorized Claimants to pay Taxes or Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold the Released Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

**d. Notice and Claims Administration Expenses**

2.12 Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may authorize the Escrow Agent to pay from the Settlement Fund, without further approval from Defendants and/or the Court, Notice and Claims Administration Expenses up to a maximum of five hundred thousand dollars ($500,000). Following the Effective Date, Lead Counsel may authorize the Escrow Agent to pay from the Settlement Fund, without further approval from Defendants and/or the Court, all remaining Notice and Claims Administration Expenses.

2.13 It shall be Lead Counsel's responsibility to disseminate the Notice, Proof of Claim, and Summary Notice to potential Class Members in accordance with this Stipulation and as ordered by the Court. The Released Defendant Parties shall have no responsibility for, or liability

or obligation whatsoever with respect to, the Notice and Claims Administration Expenses incurred in connection with doing so, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties harmless for any Notice and Claims Administration Expenses.

3. **<u>Releases</u>**

3.1 The obligations incurred pursuant to this Stipulation are made in consideration of: (i) full and final settlement of the Action as to the Released Parties; and (ii) the Releases provided for herein.

3.2 Upon the Effective Date, Plaintiffs shall have, and each and every other one of the Released Plaintiff Parties shall be deemed to have, and by operation of law and of the Judgment shall have, to the fullest extent permitted by law, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of Plaintiffs' Claims as against each and every one of the Released Defendant Parties with prejudice on the merits and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or administrative forum any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties. The foregoing release is given regardless of whether Plaintiffs or any Class Member has: (a) executed and delivered a Proof of Claim; (b) received the Notice; (c) filed an objection to the Settlement, the proposed Plan of Allocation, or any Fee and Expense Application; (d) had their Proof of Claim approved or allowed; or (e) received a distribution from the Settlement Fund.

3.3 Upon the Effective Date, Defendants shall have, and all Released Defendant Parties shall be deemed to have, and by operation of law and of the Judgment shall have, to the fullest

extent permitted by law, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of Defendants' Claims as against each and every one of the Released Plaintiff Parties and shall be deemed to have covenanted not to sue any one of the Released Plaintiff Parties on the basis of the Defendants' Claims against any of the Released Plaintiff Parties.

3.4 Notwithstanding ¶¶ 3.1-3.3 above, nothing contained herein or in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

**4. Class Certification**

4.1 Solely for purposes of this Settlement, the Parties hereby stipulate, agree, and consent to: (a) certification of the Action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); (b) appointment of Plaintiffs as class representative for the Class; and (c) appointment of Lead Counsel as class counsel pursuant to Fed. R. Civ. P. 23(g). The certification of the Class shall be binding only with respect to the Settlement and only if the Judgment becomes Final.

**5. Preliminary Approval Order**

5.1 Promptly after execution of this Stipulation, Lead Counsel, with Defendants' consent, shall submit this Stipulation together with its Exhibits to the Court and apply for the entry of a Preliminary Approval Order substantially in the form of Exhibit A, which will, *inter alia*, (i) grant preliminary approval of the Settlement; (ii) provisionally certify the Class for Settlement purposes only; (iii) authorize dissemination and publication of the Summary Notice substantially in the form of Exhibit A-3 (or, if the Court requires, Exhibit A-1); (iv) appoint the Claims Administrator; and (v) set a date for the Settlement Fairness Hearing.

5.2 The Claims Administrator shall maintain a Settlement-specific website that contains electronic copies of the Stipulation, Notice, Proof of Claim form, and any papers

submitted in support of the Settlement or any Fee and Expense Application. The Summary Notice shall direct Class Members to the Settlement website to access the Notice and Proof of Claim form. The Notice shall: (i) describe the general terms of the Settlement as set forth in this Stipulation, the proposed Plan of Allocation; (ii) the general terms of any Fee and Expense Application; (iii) the general terms of any request for a compensatory award to Plaintiffs; (iv) the date of the Settlement Fairness Hearing; (v) the right of each Class Member to opt out, object, or otherwise be heard with regard to these matters; and (vi) the opportunity to file a Proof of Claim to participate in the distribution of the Net Settlement Fund.

5.3 Danaher has made available, at no cost to the Settlement Fund, the Released Plaintiff Parties, or the Claims Administrator, a list generated by Danaher's transfer agent in electronic format containing the name, address, and, if available, email address, of each known, registered shareholder of record during the Class Period for purposes of disseminating the Summary Notice to the Class. Plaintiffs and the Claims Administrator agree to maintain the list or lists provided pursuant to this ¶ 5.3 in confidence and use it only for the purpose of administering this Settlement.

**6. <u>Administration and Calculation of Claims, Plan of Allocation, and Distribution of the Net Settlement Fund</u>**

6.1 The Claims Administrator shall, subject to the supervision and direction of Lead Counsel and/or the Court, process and administer any Proofs of Claim submitted by Claimants, the Plan of Allocation, and the distribution of the Net Settlement Fund to Authorized Claimants.

6.2 The Claims Administrator shall be selected by Lead Counsel, subject to the Court's approval, and the Plan of Allocation will be proposed solely by Lead Counsel, subject to the Court's approval. Except for Defendants' responsibility to provide CAFA Notice in accordance with ¶ 11.6, Defendants shall have no responsibility for, or involvement in, the selection of the

Claims Administrator, the Plan of Allocation, the administration of the Settlement, or the allocation of the Settlement proceeds among Class Members.

6.3 The Settlement Fund shall be applied as follows: (i) to pay Taxes and Tax Expenses; (ii) to pay Notice and Claims Administration Expenses; (iii) to pay any Fee and Expense Award; (iv) to pay a compensatory award to Plaintiffs if and to the extent allowed by the Court; and (v) to distribute the Net Settlement Fund to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, and any orders of the Court.

6.4 Except as provided herein or otherwise ordered by the Court, each Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 hereto, signed under penalty of perjury and supported by such documents as are designated therein, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable. Except as provided herein or otherwise ordered by the Court, all Class Members who to timely submit a valid Proof of Claim within such period, or such other period as the Court may allow, shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the Releases, and the Judgment, and will be barred and enjoined from bringing any action against the Released Defendant Parties concerning the Released Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Proofs of Claim for processing by the Claims Administrator, provided that the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed, and shall incur no liability for declining to do so.

6.5 Each Proof of Claim submitted by a Claimant shall be reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with the Stipulation and the approved Plan of Allocation, the extent, if any, to which each Proof of Claim should be allowed or rejected, subject to review by the Court. Proofs of Claim that do not meet the submission requirements may be rejected in whole or in part. Prior to rejecting a Proof of Claim, in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the opportunity to remedy and curable deficiencies in the Claimant's Proof of Claim. The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Proof of Claim the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶ 6.6 below.

6.6 Any Claimant who submits a timely Proof of Claim that is rejected in whole or in part for curable deficiency wishes to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶ 6.5 above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning the Proof of Claim cannot be resolved, Lead Counsel shall thereafter present the Claimant's request for review to the Court.

6.7 Each Claimant who does not timely request to be excluded from the Class in accordance with this Stipulation or any orders entered by the Court shall be deemed to have submitted to the jurisdiction of the Court with respect to any Proof of Claim submitted by the Claimant, and the Proof of Claim will be subject to investigation and discovery under the Federal

Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity of the amount of the Proof of Claim. No discovery shall be allowed on the merits of the Action or the Settlement in connection therewith. Further, no such proceedings shall delay or affect the finality of the Judgment.

6.8 After the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation set forth in the Notice and approved by the Court. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement Fund (whether by reason of Tax refunds, uncashed checks or otherwise), the Claims Administrator, under the supervision of Lead Counsel, shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis*, and such remaining balance will then be donated to an appropriate non-sectarian, non-profit charitable organization serving the public interest selected by Lead Counsel.

6.9 The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the Plan of Allocation, the determination, administration, or calculation of any Proofs of Claims, the distribution of the Net Settlement Fund, the payment or withholding of Taxes or Tax Expenses, including the matters set forth in ¶¶ 6.1-6.8, or any losses incurred in connection with any of the foregoing. The Released Plaintiff Parties hereby release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

6.10 Payment from the Net Settlement Fund pursuant to this Stipulation shall be deemed final and conclusive against all Claimants. No Person shall have any claim against the Released Plaintiff Parties or Released Defendant Parties, the Claims Administrator, the Escrow Agent, or any other agent designated by Lead Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further orders of the Court.

6.11 It is understood and agreed by the Parties that any proposed Plan of Allocation for distributing the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Proof of Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from its consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to this Stipulation.

**7. Attorneys' Fees and Expenses**

7.1 Lead Counsel may submit a Fee and Expense Application contemporaneously with, or after, Plaintiffs file a motion seeking final approval of the Settlement. Lead Counsel reserves the right to file additional applications for fees and expenses incurred, if necessary. Plaintiffs may also make an application for a compensatory award from the Net Settlement Fund contemporaneously with, or after, Plaintiffs file a motion seeking final approval of the Settlement. Defendants agree to take no position on the Fee and Expense Application or on any request for a compensatory award to Plaintiffs.

7.2 Any Fee and Expense Award, or any compensatory award to Plaintiffs, shall be payable to Lead Counsel from the Settlement Fund, as ordered, immediately upon entry of any

order or Judgment granting such award, notwithstanding any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. Lead Counsel shall thereafter allocate the attorneys' fees among Plaintiffs' Counsel in a manner in which it in good faith believes reflects the contribution of such counsel to the initiation, prosecution, and resolution of the Action.

7.3 In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or reduced, or this Stipulation is canceled or terminated for any other reason, and such reversal, reduction, cancellation, or termination becomes Final, then Lead Counsel and any other Plaintiffs' Counsel to whom Lead Counsel has distributed any part of the Fee and Expense Award shall, within thirty (30) days, refund all necessary fees and expenses previously paid to them from the Settlement Fund plus interest thereon in an amount consistent with such reversal, reduction, cancellation, or termination. Any refunds required pursuant to this ¶ 7.3 shall be the joint and several obligation of Plaintiffs' Counsel.

7.4 The Fee and Expense Application, the Fee and Expense Award, and all proceedings related thereto, including any compensatory award to Plaintiff, is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the Finality or enforceability of this Settlement. The approval of the Settlement, and it becoming Final, are not contingent on the Fee and Expense Application, any compensatory award to Plaintiffs, nor any appeals from such awards. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the Finality of the Judgment approving this Stipulation and the Settlement set

forth herein, or any other orders entered pursuant to this Stipulation. However, if the Court disallows the Fee and Expense Application in full or in part, and if Plaintiffs or Lead Counsel appeal such ruling, the Escrow Agent shall hold and retain within the Settlement Fund sufficient funds to cover the claim on appeal that shall not be distributed during the pendency of such appeal.

7.5 Any Fee and Expense Award, or compensatory award to Plaintiffs, shall be paid solely from the Settlement Fund. Other than their obligation to pay or cause the payment of the Settlement Amount in accordance with ¶ 2.1, incur any costs associated with providing the list(s) identifying shareholders of record in accordance with ¶ 5.3, and providing CAFA Notice in accordance with ¶ 11.6, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any Fee and Expense Award or compensatory award to Plaintiffs. Further, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make.

**8. <u>Termination of the Settlement</u>**

8.1 If the entire Settlement Amount is not timely deposited into the Escrow Account as set forth in ¶ 2.1, Plaintiffs may terminate the Settlement, provided that: (i) Lead Counsel has provided all payment information specified in ¶ 2.1; (ii) Lead Counsel has notified Defendants' Counsel in writing of Plaintiffs' intention to terminate the Settlement pursuant to this ¶ 8.1; and (iii) the entire Settlement Amount is not transferred to the Escrow Account within ten (10) business days after Lead Counsel has provided such written notice.

8.2 Plaintiffs and Defendants shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other Parties hereto within fourteen (14) calendar days of: (a) the date any order by the Court declining to enter the Preliminary Approval Order in any material respect without leave to amend or resubmit becomes

Final; (b) the date any order by the Court declining to approve Settlement or any material part thereof without leave to amend or resubmit becomes Final; (c) the date any order by the Court declining to enter the Judgment in any material respect without leave to amend or resubmit becomes Final; or (d) the date upon which the Judgment is modified, vacated, or reversed in any material respect by the United States Court of Appeals or the Supreme Court of the United States. For the avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation, any Fee and Expense Application, or any compensatory award to Plaintiffs shall terminate or cancel the Settlement or this Stipulation or constitute grounds for exercising the right to terminate set forth in this ¶ 8.2.

8.3 If, before the Settlement Fairness Hearing, any Persons who otherwise would be members of the Class have timely filed for exclusion from the Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto, and such Persons in the aggregate purchased a number of securities during the Class Period in an amount greater than the sum specified in a separate Supplemental Agreement between the Parties, Danaher shall have the unilateral option to terminate this Stipulation and Settlement in accordance with the terms and conditions set forth in the Supplemental Agreement. The Supplemental Agreement, which is executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner unless a dispute arises as to its terms or its submission is otherwise ordered by the Court, in which case the Parties will undertake to have the Supplemental Agreement submitted to the Court *in camera* or under seal, as permitted by the Court.

**9. <u>Effective Date of Settlement and Effect of Disapproval or Termination</u>**

9.1 The Effective Date of the Settlement shall be conditioned upon the occurrence of all of the following events:

(a) the Court has entered the Preliminary Approval Order substantially in the form of Exhibit A or in such other form as may be subsequently agreed to by the Parties;

(b) The Settlement Amount has been paid into the Escrow Account;

(c) Neither Plaintiffs nor Defendants have exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d) The Court has entered the Judgment substantially in the form of Exhibit B or in such other form as may be subsequently agreed to be by the Parties; and

(e) the Judgment described in the preceding subparagraph has become Final. For the avoidance of doubt, any appeal from, or delay associated with (i) the Plan of Allocation, (ii) the Fee and Expense Application, or (iii) any request for a compensatory award to Plaintiff, shall not affect, alter, or delay the occurrence of the Effective Date.

9.2 Upon the Effective Date, any and all remaining interest or right of Defendants or other Persons who contributed to the Settlement Fund, if any, shall be absolutely and forever extinguished, and the Releases herein shall be effective. If, however, the conditions specified in ¶ 9.1 are not satisfied, then the Settlement shall be cancelled subject to ¶¶ 9.3-9.5 hereof unless the Parties mutually agree in writing to proceed with the Settlement.

9.3 In the event the Stipulation is terminated, canceled, does not obtain Final approval by the Court, or the Effective Date fails to occur for any reason, no later than thirty (30) days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund, less any Taxes, Tax Expenses, or Notice and Claims Administration Expenses which have either been properly disbursed or properly incurred pursuant to ¶¶ 2.9-2.13 hereof, shall be fully refunded by the Escrow Agent to the Persons that paid into the Settlement Fund in proportion to their respective contribution by check or wire transfer pursuant to written

instructions from Defendants' Counsel. In such event, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to the Persons that paid into the Settlement Fund in proportion to their respective contribution by check or wire transfer pursuant to written instructions from Defendants' Counsel.

9.4 In the event the Stipulation is terminated, canceled, does not obtain final approval by the Court, or the Effective Date fails to occur for any reason, Plaintiffs, Class Members, Plaintiffs' Counsel, the Claims Administrator, and the Escrow Agent shall have no obligation to repay any amounts disbursed pursuant to ¶¶ 2.9-2.13. In addition, any expenses already incurred pursuant to ¶¶ 2.9-2.13 at such time but which have not been paid shall be paid by the Escrow Agent in accordance with the terms of the Stipulation before the balance is refunded in accordance with ¶ 9.3.

9.5 In the event the Stipulation is terminated, canceled, does not obtain final approval by the Court, or the Effective Date fails to occur for any reason, the Parties shall not forfeit or waive any factual or legal defense or contention in the Action and shall be restored to their respective positions in the Action as of immediately prior to the execution of the Term Sheet, on March 26, 2026. In such event, then the terms and provisions of the Stipulation, shall not be admissible in any trial or otherwise used against any of the Parties, shall not have further force and effect, and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

**10. <u>No Admissions as to Merits or Liability</u>**

10.1 Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation

that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any acts, proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any one of the Released Defendant Parties of the truth of any allegations by Plaintiffs or any Class Member or the validity of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other proceeding, including, but not limited to, litigation of Plaintiffs' Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b) shall be offered or received against or to the prejudice of Plaintiffs or any Class Member as evidence that Plaintiffs' Claims in any way lack merit or the validity of any affirmative defense that has been or could have been asserted in the Action, including, but not limited to, litigation of Plaintiffs' Claims;

(c) shall be offered or received against or to the prejudice of any one of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, scheme, or omission with respect to any statement or written document approved or made by any one of the Released Defendant Parties, or against Plaintiffs or any Class Member as evidence of any infirmity in the claims of Plaintiffs and the Class;

(d) shall be offered or received against or to the prejudice of any one of the Released Defendant Parties as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, the Released Defendant Parties may refer to it to effectuate the Releases granted herein; or

(e) shall be construed against the Released Defendant Parties, Plaintiffs, or the Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

**11. <u>Miscellaneous Provisions</u>**

11.1 The Parties acknowledge that it is their intent to consummate this Settlement, and agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation.

11.2 The Parties intend the Settlement to be the final and complete resolution of all disputes between them with respect to the Action. Accordingly, the Parties agree to propose a Judgment that shall contain a finding that all Parties and their counsel complied with the provisions of Rule 11 of the Federal Rules of Civil Procedure throughout the Action. The Parties agree that the Settlement Amount, and the other terms of the Settlement, were negotiated in good faith, following arm's length bargaining, and that the Settlement was reached voluntarily after consultation with experienced legal counsel.

11.3 All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference. Notwithstanding the foregoing, in the event of a

conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall prevail.

11.4 This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the Parties hereto and supersede any prior or contemporaneous written or oral agreements or understanding between the Parties. No representations, warranties, or inducements have been made to any Parties concerning this Stipulation, the Exhibits, or the Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

11.5 Except as otherwise provided herein, each of the Parties shall bear his, her, or its own costs.

11.6 Defendants shall serve the CAFA Notice no later than ten (10) calendar days following the filing of the Stipulation with the Court. No later than seven (7) calendar days before the Settlement Fairness Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding such CAFA Notice.

11.7 This Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, and assigns of the Parties.

11.8 Pending preliminary approval of the Settlement by the Court, all proceedings in the Action shall be stayed, except those in furtherance of obtaining the Preliminary Approval Order, and the Parties shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Parties.

11.9 All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

11.10 Whether or not this Stipulation or the Settlement is approved, the Parties and their counsel shall use their best efforts to keep all non-public negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings had in connection with this Stipulation confidential, except as required for compliance with legal, accounting, or contractual obligations. Notwithstanding the foregoing, the Parties agree that this Stipulation may be filed publicly as part of any motion for preliminary or final approval of the Settlement.

11.11 The Parties and their counsel shall not suggest that the Settlement constitutes an admission of any claim or defense alleged. None of the Parties shall disparage the others in any statements concerning the Action or the Settlement. For the avoidance of doubt, neither describing the allegations in the FAC nor denying the allegations in the FAC shall be considered disparagement within the meaning of this ¶ 11.11. Notwithstanding the foregoing, the Parties reserve their right to indicate, in a manner that such a party determines to be appropriate, their belief as to whether the claims asserted were meritorious, and to rebut any contention made in any public forum that the Action was brought or defended in bad faith or without a reasonable basis.

11.12 The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

11.13 No opinion or advice concerning the tax consequences of the Settlement to Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each Class Member.

11.14 Whenever this Stipulation requires or contemplates that the Parties shall or may give notice to the other, notice shall be in writing and shall be deemed to have been duly given upon receipt of hand-delivery, emailed PDF or similar-format electronic document, or facsimile transmission with confirmation of receipt. Notice shall be provided as follows:

| | |
|---|---|
| If to Plaintiffs or Lead Counsel: | Jeremy Lieberman<br>**POMERANTZ LLP**<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Tel: (212) 661-1100<br>Email: jalieberman@pomlaw.com |
| If to Defendants or Defendants' Counsel: | Brian M. Lutz<br>**GIBSON, DUNN & CRUTCHER LLP**<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Tel: (415) 393-8200<br>Email: blutz@gibsondunn.com |

11.15 This Stipulation is deemed to have been prepared by counsel for all Parties, as a result of arm's length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one party than another.

11.16 Each counsel or other Person executing this Stipulation, any of its Exhibits, the Supplemental Agreement, or any related Settlement documents on behalf of the Parties hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

11.17 This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set

of executed counterparts shall be filed with the Court. Signatures sent by facsimile or pdf via email shall be deemed originals.

11.18 Once executed, this Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

11.19 Any waiver of any of the terms of this Stipulation must be in writing, signed by one of the Parties against whom the waiver is sought to be enforced. The waiver by one party of any breach of this Stipulation by another party shall not be deemed a waiver by any of the other Parties or a waiver of any other prior or subsequent breaches of this Stipulation.

11.20 The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

11.21 Any disputes arising out of finalizing and implementing this Stipulation or the Settlement itself, before the filing of the Stipulation with the Court, shall be resolved by mediation before David Murphy of Phillips ADR, first by way of expedited telephonic mediation and, if unsuccessful, then by way of final, binding, non-appealable resolution.

11.22 This Stipulation, the Exhibits, and the Supplemental Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the Parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Delaware without giving effect to the State of Delaware's choice of law principles.

11.23 The Court shall retain jurisdiction with respect to enforcement of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of enforcing the Settlement embodied in this Stipulation. Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated April 20, 2026.

Jeremy A. Lieberman
Justin D. D'Aloia
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
jalieberman@pomlaw.com
jdaloia@pomlaw.com

*Lead Counsel for Plaintiffs and Lead Counsel for the Proposed Class*

Brian M. Lutz
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
blutz@gibsondunn.com

Jason J. Mendro
Lissa M. Percopo
**GIBSON, DUNN & CRUTCHER LLP**
1700 M. Street N.W.
Washington, D.C. 20036-4504
jmendro@gibsondunn.com
lpercopo@gibsondunn.com

*Counsel for Defendants*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRENDA HAWKINS, and DEREK EINERSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DANAHER CORPORATION, RAINER M. BLAIR, MATT MCGREW, and EMMANUEL LIGNER,<br><br>Defendants. | Case No. 1:23-cv-02055 (AHA) |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a securities class action is pending before this Court entitled *Hawkins v. Danaher Corp.*, No. 1:23-cv-02055 (the "Action");

WHEREAS, Lead Plaintiff Brenda Hawkins and plaintiff Derek Einersen (collectively "Plaintiffs"), individually and on behalf of all members of the proposed Class (defined below), and Defendants Danaher Corporation ("Danaher"), Rainer M. Blair, Matt McGrew, and Emmanuel Ligner (collectively, with Danaher, "Defendants," and together with Plaintiffs, the "Parties") have agreed to settle all claims asserted in the Action on a class-wide basis with prejudice on the terms and conditions set forth in the Stipulation of Settlement, dated April 20, 2026 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Order, all capitalized terms used herein have the same meaning set forth in the Stipulation;

WHEREAS, the Parties have made an application, pursuant to Rule 23(e) of the Federal Rule of Civil Procedure, for an order preliminarily approving the Settlement, and authorizing notice of the proposed Settlement to Class Members as more fully described herein; and

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement and authorization to provide notice of the Settlement to the Class, along with all papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Proposed Class Certification for Settlement Purposes**. Solely for purposes of the proposed Settlement of this Action, the Parties have proposed certifying the following Class pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All Persons who purchased or otherwise acquired Danaher common stock between January 27, 2022, and October 23, 2023, both dates inclusive (the "Class Period"), and who were damaged thereby, except for: (i) Defendants and members of their immediate families; (ii) any person who was a director or officer of Danaher during the Class Period; (iii) any entity in which any Defendant has or had a controlling interest; (iv) the legal representatives, heirs, successors, or assigns of any such excluded party; and (v) any Class Members that submit a valid and timely request for exclusion from the Class in accordance with the requirements set by the Court.

2. Solely for purposes of the proposed Settlement of this Action, the Parties also propose the appointment of Plaintiffs as the class representatives of the Class and the appointments of Lead Counsel Pomerantz LLP as Class counsel and Liaison Counsel Cohen Milstein Sellers & Toll PLLC as Class liaison counsel.

3. **Class Findings**. The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the proposed Class for purposes of the proposed Settlement. Specifically, and solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Class under Rule 23(a)

and Rule 23(b)(3) of the Federal Rules of Civil Procedure has been met and will likely be met in that (a) the members of the proposed Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all Class Members; (e) the questions of law and fact common to the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and solely for purposes of the Settlement of this Action, that it will likely be able to certify Plaintiffs as the Class representatives and appoint Lead Counsel Pomerantz LLP as Class counsel and Liaison Counsel Cohen Milstein Sellers & Toll PLLC as Class liaison counsel under Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement**. The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to grant final approval of the Settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure as fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Fairness Hearing described below.

5. **Settlement Fairness Hearing**. A hearing (the "Settlement Fairness Hearing") shall be held before this court on __________________, 2026, at ____:____ ____, at the United States District Court, District of Columbia, E. Barrett Prettyman United States Courthouse, Courtroom ____, 333 Constitution Avenue, NW, Washington, DC 20001, for the following purposes:

(a) to determine whether the Settlement on the terms and conditions set forth in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court;

(b) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Class, Lead Plaintiffs should be certified as class representatives for the Class, and Lead Counsel and Liaison Counsel should be appointed as Class counsel and Class liaison counsel, respectively;

(c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action on the merits and with prejudice;

(d) to determine whether the proposed Plan of Allocation for distributing the Net Settlement Fund should be approved by the Court;

(e) to consider any Fee and Expense Application;

(f) to consider any application by Plaintiff for a compensatory award;

(g) to rule upon such other matters as the Court may deem appropriate.

6. The Court may adjourn the Settlement Fairness Hearing without further notice to the Class, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties, if appropriate, without further notice to the Class where doing so would not impair Class Members' rights under Rule 23 of the Federal Rules of Civil Procedure and due process of law.

7. **Claims Administrator**. Lead Counsel is hereby authorized to retain Verita Global, LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of Proofs of Claims as more fully set forth below.

8. **Form and Content of Notice**. The Court approves, as to form and content, the

Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), annexed hereto as Exhibits 1, 2, and 3, respectively, and finds that the distribution and publication of the Summary Notice, substantially in the manner and form set forth in ¶ 9 of this Order (i) satisfies the requirements of Federal Rule of Civil Procedure 23 and due process; (ii) is the best notice practicable under the circumstances; and (iii) shall constitute due and sufficient notice to all Persons entitled thereto. The date and time of the Settlement Fairness Hearing shall be included in the Summary Notice and Notice before they are mailed, emailed, posted, and published, as the case may be.

9. **Notice Program**. Notice of the Settlement and the Settlement Fairness Hearing shall be given by Lead Counsel as follows:

(a) no later than twenty-one (21) calendar days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be mailed by first-class mail and/or emailed to all Class Members who can be identified with reasonable effort, including those set forth in the records provided by Danaher, and shall cause a copy of the Notice and Proof of Claim, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (together, the "Notice Packet"), to be mailed to the brokers and other nominees ("Nominees") contained in the Claims Administrator's broker database;

(b) contemporaneously with the mailing of the Summary Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on the website for the Settlement, at www.danahersecuritiessettlement.com, and mail a copy of the Notice Packet to any person who makes such a request;

(c) no later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal* and once over a national newswire service; and

(d) at least seven (7) calendar days prior to the Settlement Fairness Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing, posting, and publishing.

10. **Nominee Procedures**. Nominees who purchased or otherwise acquired Danaher common stock for the beneficial ownership of any Class Member during the Class Period shall: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Summary Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of the Summary Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list to the Claims Administrator with the name and email address or physical address, where an email address is unavailable, of all such beneficial owners in which event the Claims Administrator shall promptly email or mail the Summary Notice to such beneficial owners. If a nominee elects to send the Summary Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Summary Notice within seven (7) calendar days of receipt of those documents from the Claim Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation

supporting the expenses for which reimbursement is sought. Reasonable out-of- pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Summary Notice mailed by nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Summary Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

11. **CAFA Notice**. As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA"), no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA Notice. No later than seven (7) calendar days before the Settlement Fairness Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding such CAFA Notice.

12. **Participation in the Settlement**. Any Class Member who wishes to participate in the recovery from the Net Settlement Fund must complete and submit a Proof of Claim to the Claims Administrator at the post office box or electronic mailbox indicated in the Notice and Proof of Claim no later than ninety (90) calendar days from the Notice Date. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail). Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice. Notwithstanding the foregoing, Lead Counsel may, in its sole discretion, accept for processing untimely Proofs of Claim provided that such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Proof of Claim, a Claimant shall be

deemed to have submitted to the jurisdiction of the Court with respect to the Proof of Claim.

13. The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his, her, its, or their current authority to act on behalf of the Class Member must be provided with the Proof of Claim to the satisfaction of the Claims Administrator or Lead Counsel; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

14. With respect to each timely submitted Proof of Claim and each late accepted Proof of Claim permitted by Lead Counsel, the Claims Administrator shall determine whether such Claim is valid, deficient, or rejected, in whole or in part. For each Proof of Claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter, as appropriate, describing the basis on which the Proof of Claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded at least twenty (20) calendar days to cure such deficiency if such deficiency may be cured.

15. Any Class Member who does not submit a Proof of Claim that is approved by the Court, or otherwise requests exclusion from the Class as set forth below, shall (a) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders,

and judgments in the Action, including, but not limited to, the Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (b) will be barred from prosecuting any of Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice, whether or not he, she, or it submits a Proof of Claim.

16. **Exclusion from the Class**. All Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request to be excluded, or "opt out," from the Class. A Class Member wishing to be excluded from the Class must submit to the Claims Administrator a written request for exclusion ("Request for Exclusion") within the time and in the manner set forth in the Notice, which shall provide that: (a) any such Request for Exclusion must be sent by first-class mail such that it is postmarked no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing to: *Danaher Securities Settlement*, c/o Verita Global, LLC, EXCLUSIONS, P.O. Box 301135, Los Angeles, CA 90030-1135; and (b) each Request for Exclusion must be signed and must legibly state: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) the number of shares of Danaher common stock that the Person requesting exclusion owned as of the opening of trading on January 27, 2022, and purchased, otherwise acquired, and/or sold during the Class Period, as well as the number of shares, dates, and prices for each such purchase, other acquisition, and sale; and (iii) that the Person wishes to be excluded from the Class in *Hawkins v. Danaher Corp.*, No. 1:23-cv-02055 (D.D.C.). A Request for Exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court. Lead Counsel is authorized to request from anyone who submits a Request for Exclusion documentation sufficient to substantiate the information called for above.

17. Any Class Member who submits a valid and timely Request for Exclusion in the

manner set forth in this Order shall no longer be a Class Member, shall not be found by the terms of the Settlement or any orders or judgments in the Action, and shall not share in the distribution of the Net Settlement Fund.

18. Any Class Member who or which does not timely and validly submit a Request for Exclusion in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from prosecuting any of Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice, whether or not he, she, or it submits a Proof of Claim.

19. The Claims Administrator or Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion as expeditiously as possible, but in no event later than five (5) calendar days from receipt thereof, and in any event, copies of all timely Requests for Exclusion shall be provided to Defendants' Counsel at least fourteen (14) calendar days before the Settlement Fairness Hearing.

20. **Appearance and Objections at Settlement Fairness Hearing**. Any Class Member who or which does not submit a timely and valid Request for Exclusion in accordance with the provisions of this Order may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any Class Member who or which does not enter an appearance will be represented by Lead Counsel.

21. The Court will consider comments or objections to the Settlement, the Plan of

Allocation, or the Fee and Expense Application, only if such comments or objections and any supporting papers are filed with the Clerk of the Court, United States District Court, District of Columbia, E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, NW, Washington, D.C. 20001, copies of such objections are served on Lead Counsel and Defendants' Counsel at the addresses set forth below, such that they are postmarked at least fourteen (14) calendar days prior to the Settlement Fairness Hearing:

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Pomerantz LLP<br>Jeremy A. Lieberman<br>Justin D. D'Aloia<br>600 Third Avenue, 20th Floor<br>New York, NY  10016 | Gibson, Dunn & Crutcher LLP<br>Brian M. Lutz<br>Lisa Percopo<br>1700 M. Street, N.W.<br>Washington, D.C. 20036 |

The objection must clearly identify (a) the case name and number of this proceeding, *Hawkins v. Danaher Corp.*, No. 1:23-cv-02055; (b) the objector's full name, current address, and telephone number; (c) the objector's signature, even if represented by counsel; (d) a statement providing the specific reason(s) for the objection, including whether it applies only to the objector, a specific subset of the Class, or the entire Class; and (e) include documentation establishing the objector's membership in the Class, including the number of shares of Danaher common stock that the objecting Person owned as of the opening of trading on January 27, 2022, and purchased, otherwise acquired, and/or sold during the Class Period, as well as the dates and prices for each such purchase, other acquisition or sale.

22. Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived the right to object and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement, the Plan of Allocation, or the Fee and Expense Application unless otherwise ordered by the Court.

23. Attendance at the Settlement Fairness Hearing is not necessary, but any Person

wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, or the Fee and Expense Application is required to indicate in their written objection whether they intend to appear at the Settlement Fairness Hearing.

24. **Supporting Papers**. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and/or any Fee and Expense Application shall be filed and served no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing. Reply papers, if any, shall be filed and served at least seven (7) calendar days prior to the Settlement Fairness Hearing.

25. **Stay of Proceedings**. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the proposed Settlement should be approved, no Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of Plaintiff's Claims.

26. **Settlement Administration Fees and Expenses**. All expenses and costs incurred in identifying Class Members, notifying Class Members of the Settlement, and administering the Settlement shall be paid from the Settlement Fund as set forth in the Stipulation without further order of the Court.

27. **Settlement Fund**. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

28. **Taxes**. Lead Counsel are authorized and directed to prepare any tax returns and

any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

29. **Termination of Settlement**. If the Settlement is validly terminated as provided in the Stipulation, the Settlement is not approved in a Final order, or the Effective Date of the Settlement fails to occur for any reason whatsoever, this Order shall be vacated and rendered null and void, and be of no further force or effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Class Members, and Defendants, and Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on March 26, 2026, as provided in the Stipulation.

30. **No Admissions**. Neither this Order, the Term Sheet, the Stipulation, nor any of its terms or provisions, including the exhibits thereto and the Plan of Allocation contained therein, nor any of the negotiations or proceedings connected with those documents, shall be construed or deemed to be evidence of or constitute an admission, concession, or finding with respect to any allegation in the Action, or any fault, negligence, liability, wrongdoing, or damage of any kind.

IT IS SO ORDERED.

DATED: ___________________________ ____________________________________

THE HONORABLE AMIR H. ALI
United States District Judge

# EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRENDA HAWKINS, and DEREK EINERSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DANAHER CORPORATION, RAINER M. BLAIR, MATT MCGREW, and EMMANUEL LIGNER,<br><br>Defendants. | Case No. 1:23-cv-02055 (AHA) |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO: All persons or entities who purchased or otherwise acquired Danaher Corporation ("Danaher") common stock between January 27, 2022, and October 23, 2023, both dates inclusive, and are not otherwise excluded (the "Class" and each person included therein a "Class Member")**

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been provided to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Columbia (the "Court"). The purpose of this Notice is to inform you of the pendency of this class action (the "Action"), the proposed $172,500,000 settlement reached therein (the "Settlement"), and the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses. This Notice describes what steps you may take in relation to the Settlement and this Action.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Action or the merits of the claims or defenses asserted therein. This Notice is solely meant to advise you of the pendency and proposed Settlement of the Action and of your rights in connection therewith.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have in connection with the Settlement. If you are a Class Member, your legal rights will be affected whether or not you act. Class Members may be entitled to share in the proceeds of the Settlement. To share in the proceeds of the Settlement, Class Members must submit a valid Proof of Claim and Release Form ("Proof of Claim") by no later than ____________________, 2026.**

**If you have questions about this Notice, the proposed Settlement, or how to submit a Proof of Claim, please DO NOT contact the Court. All questions should be directed to the Claims Administrator or Lead Counsel, whose contact information is below at page 11.**

## SUMMARY OF THIS NOTICE

### Statement of Class-wide Recovery

Subject to Court approval, Plaintiffs Brenda Hawkins and Derek Einersen ("Plaintiffs"), on behalf of themselves and the Class, have agreed to settle the Action in exchange for a payment of $172,500,000 in cash ("Settlement Amount") into an interest-bearing account (the "Settlement Fund"). After deducting for taxes and tax expenses associated with the Settlement Fund ("Taxes" and "Tax Expenses"), fees and expenses incurred by the Claims Administrator in connection with administering the Settlement ("Notice and Claims Administration Expenses"), any attorneys' fees and litigation expenses awarded to Lead Counsel by the Court (the "Fee and Expense Award"), or any other costs or fees approved by the Court, the amount remaining (the "Net Settlement Fund") will be allocated to Class Members who submit the Proof of Claim and Release Form (the "Proof of Claim") in accordance with a plan of allocation approved by the Court. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

### Estimated Recovery Per Share

Based on Plaintiffs' estimate of the number of Danaher shares eligible to recover under the Settlement, the average distribution per common share under the Plan of Allocation described herein is approximately $1.13 before deduction of any Taxes or Tax Expenses, Notice and Claims Administration Expenses, any Fee and Expense Award, or any other costs or fees approved by the Court. Class Members should note, however, that these are only estimates. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's allowed claim amount as compared to the total allowed claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average amount. For more information on the calculation of your claim, see the Plan of Allocation discussed in Appendix A.

### Potential Outcome of the Action

The Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the Parties disagree are many, but include: (1) whether Defendants engaged in conduct that gives rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the extent to which allegedly false or misleading statements influenced (if at all) the prices of Danaher common stock at various times during the Class Period; (4) the appropriate economic model for determining such artificial inflation (if any); (5) the extent to which external factors influenced the price of Danaher common stock at various times during the Class Period; and (6) the extent to which the various adverse material facts that were allegedly omitted from the false or misleading statements influenced (if at all) the price of Danaher common stock at various times during the Class Period.

**Fee and Expense Awards Sought**

Since the inception of the Action, court-appointed lead counsel Pomerantz LLP ("Lead Counsel") has expended considerable time and effort prosecuting this Action on a wholly contingent basis and has advanced the expenses of prosecuting the Action in the expectation that, if it was successful in obtaining a recovery for the Class, it would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed 33 ⅓% of the Settlement Amount, and expenses not to exceed $850,000, plus interest earned on both amounts (the "Fee and Expense Application"). In addition, Plaintiffs may seek an aggregate award not to exceed $70,000 in connection with their representation of the Class.

**Legal Rights and Options of Class Members**

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked or submitted online on or before ________________, 2026**. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusion requests must be postmarked or received on or before ____________________, 2026**. |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the Fee and Expense Application. You will still be a member of the Class. **Objections must be received by the Court and counsel on or before __________________, 2026.** If you submit a written objection, you may (but do not have to) attend the hearing. |
| **ATTEND THE HEARING ON _____, 2026** | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application. Requests to speak must be received by the Court and counsel **on or before ________, 2026.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Class Member, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## BASIC INFORMATION CONCERNING THE SETTLEMENT

### 1. What is the purpose of this?

This Notice is being provided to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or acquired Danaher common stock between January 27, 2022, and October 23, 2023, inclusive (the "Class Period").

This Notice explains the Action, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Action is the United States District Court for the District of Columbia, and the case is known as *Hawkins v. Danaher Corp.*, No. 1:23-cv-02055 (AHA). The case is assigned to the Honorable Amir H. Ali, United States District Judge. The party appointed by the Court to represent the Class is lead plaintiff Brenda Hawkins ("Lead Plaintiff"), and Danaher as well as the individuals Lead Plaintiff sued and who have now settled are called the Defendants. Together, Plaintiffs, individually and on behalf of the Class, and Defendants are referred to as the "Parties."

### 2. What is this case about?

Brenda Hawkins filed the initial complaint in the Action on July 17, 2023. On October 16, 2023, the Court appointed Brenda Hawkins as Lead Plaintiff and approved her selection of Pomerantz LLP as Lead Counsel and Cohen Milstein Sellers & Toll PLLC as Liaison Counsel.

On December 29, 2023, Plaintiffs filed the First Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the U.S. Securities & Exchange Commission ("SEC") putatively on behalf of a class of investors who purchased or otherwise acquired Danaher securities during the Class Period. Plaintiffs allege that Defendants made materially false and misleading statements concerning Danaher's business and prospects, in particular the business that offered equipment used to manufacture biopharmaceutical vaccines and therapeutics, known as the "bioprocessing business." Plaintiffs allege that persons who purchased or otherwise acquired Danaher common stock during the Class Period did so at prices that were artificially inflated by the false and misleading statements and suffered economic losses when the price of Danaher common stock declined as a result of alleged corrective disclosures which allegedly revealed the truth. Defendants deny Plaintiffs' allegations.

On February 27, 2024, Defendants moved to dismiss the Complaint. Plaintiffs filed an opposition to the motion on April 29, 2024, and Defendants filed a reply on June 13, 2024. On August 4, 2025, the Court issued an order granting in part and denying in part Defendants' motion to dismiss. As agreed between the Parties and ordered by the Court, Defendants answered the Complaint on October 2, 2025.

Following the Court's decision on Defendants' motion to dismiss, the parties began serving discovery requests on one another, which led to a number of contentious discovery disputes and disagreements between the Parties regarding the proper scope of discovery in the Action. The Parties engaged frequently on these topics in an effort to minimize the need for Court intervention.

On February 27, 2026, Plaintiffs filed a motion to certify the Action as a class action supported by an expert report from financial economist Dr. Zachary Nye. In advance of the deadline for Defendants to oppose the motion for class certification, on March 23, 2026, Plaintiffs and Defendants participated in a confidential mediation session with David M. Murphy, an experienced mediator from Phillips ADR. The mediation session was preceded by the submission and exchange of mediation statements and responses by both Plaintiffs and Defendants. The Parties engaged in day-long, good-faith negotiations, at the end of which the Parties agreed to settle the Action, at the recommendation of the mediator, for $172.5 million in cash, to be paid by Defendants and/or their insurers on behalf of Defendants for the benefit of the Class, subject to the negotiation of the terms of a stipulation of settlement and approval by the Court.

The principal terms of the Parties' agreement to settle the Action was memorialized in a Confidential Settlement Term Sheet executed on March 26, 2026 (the "Term Sheet"). In accordance with the Term Sheet, the Parties negotiated all terms and conditions of their Settlement in a stipulation, dated April 20, 2026 (the "Stipulation"). The Stipulation has been duly executed by Parties and reflects the final and binding agreement among the Parties.

Defendants deny all allegations of fault, liability, wrongdoing, or damages against them arising out of any of the statements or omissions alleged, or that could have been alleged, in the Action. Defendants deny that they have committed any act or made any materially misleading statement giving rise to any liability under the federal securities laws. Defendants deny that they have committed any wrongdoing or violations of law as alleged in any complaint in the Action or that could have been alleged in the Action. Defendants deny that they made any material misstatement or omission; that the price of Danaher common stock was artificially inflated during the Class Period as a result; that any Class Member, including Plaintiffs, relied on any challenged statement or purported omission; and that any Class Member, including Plaintiffs, suffered any damages; or that any Class Member, including Plaintiffs, was harmed by any conduct alleged in the Action or that could have been alleged therein. Defendants also deny that they acted with the requisite intent to commit a violation of the federal securities laws. Defendants maintain that their conduct was, at all times, proper and in compliance with applicable law. Defendants deny that they acted with the requisite intent to violate the federal securities laws. Defendants maintain that the claims asserted against them in the Action are without merit and entered into the Stipulation solely to eliminate the burden, expense, distraction, and uncertainty of continued litigation.

### 3. **What is a class action?**

In a class action, one or more persons or entities (in this case, Plaintiffs) sue on behalf of persons and entities that have similar claims. Together, these persons and entities are a "class," and each included therein is a "class member." Bringing a case as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically in separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

### 4. **Why is there a settlement?**

The Parties do not agree about the merits of Plaintiffs' allegations, the Defendants' defenses with respect to liability, or the average amount of damages per share (if any) that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which Plaintiffs and the Defendants disagree include: (1) whether the challenged statements were materially false or

misleading or otherwise actionable under federal securities laws; (2) whether the Defendants acted with requisite scienter; (3) whether Defendants' alleged misstatements and omissions caused any damages to investors; (4) the amount of alleged damages (if any) that could be recovered at trial; and (5) whether the Action should proceed as a class action.

This matter has not gone to trial, and the Court has not decided in favor of either Plaintiffs or the Defendants. Instead, Plaintiffs and the Defendants have agreed to settle the case. Plaintiffs and Plaintiffs' Counsel believe the Settlement is best for all Class Members because of the risks associated with continued litigation through trial and potential appeals.

## WHO IS SUBJECT TO THE SETTLEMENT

### 5. How do I know if I am part of the Class?

If you are a Class Member, you are subject to the Settlement unless you timely request to be excluded from the Class (see question 12).

For purposes of the proposed Settlement, that Class consists of all Persons who purchased or otherwise acquired Danaher common stock between January 27, 2022 and October 23, 2023, inclusive, and who were damaged thereby, except: (i) Defendants and members of their immediate families; (ii) any person who was a director or officer of Danaher during the Class Period; (iii) any entity in which any Defendant has or had a controlling interest; (iv) the legal representatives, heirs, successors, or assigns of any such excluded party; and (v) any Class Member that submits a valid and timely request for exclusion from the Class in accordance with the requirements set by the Court.

**Please Note:** Receipt of this Notice or the Summary Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of the proceeds from the Settlement, you must submit a Proof of Claim and the supporting documentation set forth therein postmarked or submitted online at www.danahersecuritiessettlement.com on or before _______, 2026.

### 6. What if I am still not sure if I am included?

If you are still not sure whether you are a Class Member, you can ask for free help. You can contact the Claims Administrator toll-free at 1-888-808-9718 or by email at info@danahersecuritiessettlement.com. You can also contact the Claims Administrator at the following address:

*Danaher Securities Settlement*
c/o Verita Global, LLC
PO Box 301135
Los Angeles, CA 90030-1135

You can also return or submit the Proof of Claim available at www.danahersecuritiessettlement.com to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**7. What does the Settlement provide?**

The Settlement provides that, in exchange for the release of Plaintiffs' Claims (defined below) and dismissal of the Action, Defendants have agreed to pay (or cause to be paid by their insurers) $172.5 million in cash to be distributed after the payment of Taxes and Tax Expenses, Notice and Claim Administration Expenses, any Fee and Expense Award, and any other approved fees and expenses, *pro rata*, to Class Members who send in an acceptable Proof of Claim pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail in Appendix A.

**8. How much will my payment be?**

Your share of the Net Settlement Fund will depend on several factors, including the total value of Danaher common stock represented by the acceptable Proofs of Claim that Class Members send in, compared to the value of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

**9. How can I get a payment?**

To be eligible to receive a payment from the Settlement proceeds, you must submit a Proof of Claim. A Proof of Claim may be downloaded at www.danahersecuritiessettlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail it to the Claims Administrator at the address provided in the Proof of Claim or submit it online at www.danahersecuritiessettlement.com]so that it is postmarked or received no later than ____________, 2026.

**10. When would I get my payment?**

The Court will hold a hearing on ______________, 2026 at _____ to decide whether to approve the Settlement (the "Settlement Fairness Hearing"). If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for each Proof of Claim to be processed after receiving Court approval. Please be patient.

**11. What am I giving up to get a payment or to stay in the Settlement Class?**

Unless you timely and validly exclude yourself, you are staying in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the other Released Defendant Parties (defined below) about Plaintiffs' Claims (defined below) in this case. It also means that all of the Court's orders in this Action will apply to you and legally bind you. In other words, if you remain a Class Member, and if the Settlement is approved, you will give up all Plaintiffs' Claims (including Unknown Claims, as defined below), against the Released Defendant Parties (defined below).

> "Plaintiffs' Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description, whether known or unknown (including Uknown Claims), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued

or not accrued, concealed or hidden, whether direct, representative, class, or individual in nature, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that were asserted in the Action or could have been asserted by Plaintiffs or any other Class Member in the Action or any other court or forum, that arise out of, are based upon, and relate to: (a) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action, or (b) the purchase or other acquisition of Danaher common stock during the Class Period, except for claims to enforce the Settlement or this Stipulation, claims of any Class Member who or which submit a request for exclusion from the Class that is accepted by the Court, or derivative claims asserted by shareholders on behalf of Danaher in the shareholder derivative lawsuits captioned *Lanphear v. Blair*, Docket No. 1:26-cv-00275 (D. Del.) and *Camacho v. Blair*, Docket No. 2026-0375 (Del. Ch.).

"Released Defendant Parties" means (i) each Defendant; (ii) each of their respective immediate family members (for individuals) and any trust of which any Defendant is the settler or which is for the benefit of any Defendant and/or any member(s) of his family, Defendants' Counsel; and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, underwriters, representatives, insurers, reinsurers, trustees, trustors, agents, attorneys, professionals, parents, subsidiaries, related entities, affiliates, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest.

"Unknown Claims" means: (a) any and all Plaintiffs' Claims that the Released Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to: (a) any and all Plaintiffs' Claims against the Released Defendant Parties; and (b) any and all Defendants' Claims against the Released Plaintiff Parties, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly waive, and each one of the Released Plaintiff Parties and Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and protections conferred by California Civil Code §1542 and by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Released Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of Plaintiffs' Claims or Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each one of the Released Plaintiff Parties shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all of Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each one of the Released Defendant Parties shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all of Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties acknowledge, and the Released Plaintiff Parties and the Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Class. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Action, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

### 12. How do I get out of the proposed Settlement?

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the Danaher Securities Settlement." Your letter must include your purchases or acquisitions of Danaher common stock during the Class Period, including the dates and the number of shares of Danaher common stock you: (a) owned as

of the opening of trading on January 27, 2022; and (b) purchased, otherwise acquired, and/or sold during the Class Period, as well as the price paid for each such purchase or other acquisition and received for each such sale. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is postmarked no later than ___________, 2026 to

*Danaher Securities Settlement*
c/o Verita Global, LLC
EXCLUSIONS
PO Box 301135
Los Angeles, CA 90030-1135

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendant Parties about Plaintiffs' Claims in the future.

| 13. | **If I do not exclude myself, can I sue the Defendants or the other Released Defendant Parties for the same thing later?** |
|---|---|

No. Unless you exclude yourself by following the instructions above, you give up any rights to sue the Defendants or the other Released Defendant Parties for the claims being released in this Settlement. If you have a pending lawsuit against the Released Defendant Parties or related to any Released Plaintiffs' Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is _______________, 2026.

| 14. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No. If you exclude yourself from the Class, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants or the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| 15. | **Do I have a lawyer in this case?** |
|---|---|

The Court has appointed the law firm of Pomerantz LLP as Lead Counsel and the law firm of Cohen Milstein Sellers & Toll PLLC as Liaison Counsel to represent the Class, including you. If you want to be represented by your own lawyer, you may hire one at your own expense and they may file a notice of appearance in the Action.

| 16. | **How will the lawyers be paid?** |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed 33 ⅓% of the Settlement Amount and expenses, costs, and charges incurred in connection with prosecuting the Action in an amount not to exceed $850,000, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Plaintiffs may seek an aggregate award not to exceed $70,000 in connection with their representation of the Class. Such sums, as may be approved by the Court, will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT AND RELATED MATTERS

### 17. How do I tell the Court that I object to the proposed Settlement, the Fee and Expense Application, and/or the Plan of Allocation?

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement proposed by the Parties. If the Court denies approval, no settlement payments will be sent out, and the Action will continue without any guarantee of future recovery. You can write to the Court setting out your comment or objection. The Court will consider your views.

To comment or object, you must file a letter that contains your comment or objection with the Clerk of the Court, United States District Court, District of Columbia, E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, NW, Washington, DC 20001, and serve copies on Lead Counsel and Defendants' counsel at the addresses set forth below, such that they are postmarked no later than ____________________**, 2026**:

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Pomerantz LLP<br>Jeremy A. Lieberman<br>Justin D. D'Aloia<br>600 Third Avenue, 20th Floor<br>New York, NY 10016 | Gibson, Dunn & Crutcher LLP<br>Brian M. Lutz<br>Lisa Percopo<br>1700 M. Street, N.W.<br>Washington, D.C. 20036 |

The objection must (a) state that it is being submitted in "*Hawkins v. Danaher Corp.*, No. 1:23-cv-02055"; (b) include the objector's full name, current address, and telephone number; (c) include the objector's signature, even if represented by counsel; (d) state the specific reason(s) for the objection, including whether it applies only to the objector, a specific subset of the Class, or the entire Class; and (e) include documentation establishing the objector's membership in the Class, including the number of shares of Danaher common stock that the objecting Person owned as of the opening of trading on January 27, 2022, and purchased, otherwise acquired, and/or sold during the Class Period, as well as the dates and prices for each such purchase, other acquisition or sale.

If you object, you subject yourself to the jurisdiction of the Court in this matter and consent to being deposed in your district of residence and producing, in advance of a deposition, any responsive documents to a discovery request prior to the Settlement Fairness Hearing.

If you object, attendance at the Settlement Fairness Hearing described below is not necessary. Objectors wishing to be heard at the Settlement Fairness Hearing must indicate in their written objection that they wish to be heard at the Settlement Fairness Hearing in the manner described below.

**You may not comment on or object to the Settlement if you properly exclude yourself from the Class.**

### 18. What is the difference between objecting and excluding myself?

Objecting is telling the Court you do not like something about the proposed Settlement. You can object **only** if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be part of the Class and do not want to be bound by the Settlement. If you exclude yourself, you cannot object to the Settlement because it does not affect you. If you stay in the Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

## THE COURT'S SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend, and you may ask to speak, but you do not have to do so.

### 19. When and where will the Court decide whether to approve the proposed Settlement?

The Court will hold a Settlement Fairness Hearing, on _____________________, 2026 at _________.m. in Courtroom ___ at the E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, NW, Washington, D.C. 20001.

At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; whether a Judgment as provided for in the Stipulation should be entered; and whether the proposed Plan of Allocation should be approved. The Court may also decide how much should be awarded to Plaintiffs' Counsel for attorneys' fees and expenses and to Plaintiffs for their service to the Class. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. We do not know how long it will take the Court to decide these matters after the Settlement Fairness Hearing.

You should be aware that the Court may change the date and time of the Settlement Fairness Hearing, or decide to hold it remotely, without another notice being mailed to Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement website at www.danahersecuritiessettlement.com, beforehand to make sure that the date, time, and/or location has not changed.

### 20. Do I have to come to the hearing?

No. Lead Counsel will answer any questions the Court may have. But you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.

### 21. May I speak at the hearing?

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Fairness Hearing. To do so, you must include with your objection (see question 16 above) a statement that you "intend to appear at the Settlement Fairness Hearing in *Hawkins v. Danaher Corp.*, Case No. 1:23-cv-02055 (AHA) (D.D.C.)." Persons who object to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, and wish to present evidence at the Settlement Fairness Hearing, must include in their written objection the identity of any witnesses they may call to testify as well as any exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Your notice of intention to appear must be filed or postmarked no later than **__________________, 2026**.

You cannot speak at the Settlement Fairness Hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

### 22. What happens if I do nothing at all?

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Plaintiffs' Claims ever again.

## GETTING MORE INFORMATION

### 23. Are there more details about the proposed Settlement?

This Notice contains only a summary of the terms of the proposed Settlement. The Stipulation is the controlling document describing the proposed Settlement, and its terms govern everything in this Notice. You can get a copy of the Stipulation, other documents related to the Settlement and the Fee and Expense Application, and obtain answers to common questions regarding the proposed Settlement by visiting www.danahersecuritiessettlement.com.

For all other questions about the Settlement, please contact the Claims Administrator toll-free at 1-888-808-9718 or by email at info@danahersecuritiessettlement.com.

You can alternatively direct any questions you may have about the Settlement to Lead Counsel at the address specified in response to question 16.

**Please do not call or write to the Court, the Clerk's Office, Defendants, or Defendants' counsel regarding this Notice.**

### 24. How do I get more information about the case?

Copies of all public filings in the Action are available for review during business hours at the Clerk of the Court, United States District Court, District of Columbia, E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, NW, Washington, D.C. 20001. Please check the Court's website, www.dcd.uscourts.gov, for information about the Clerk's office hours and any Court closures before visiting. Subscribers to the Court's Public Access to Court Electronic Records (PACER), a fee-based service, can also view the papers filed publicly in the Action through the Court's online Case Management/Electronic Case Files system at https://ecf.dcd.uscourts.gov/.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired Danaher common stock during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you must either (a) request from the Claims Administrator sufficient copies of the Summary Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of the Summary Notice forward them to all such beneficial owners; or (b) provide the Claims Administrator with the name and email address or physical address (where an email address is unavailable) of all such beneficial owners in which event the Claims Administrator shall promptly email or mail the Summary Notice

to such beneficial owners. If you choose to follow the procedure described in (a), upon such mailing, you must send a statement to the Claims Administrator confirming that the email was sent or the mailing was made as directed and retain the names, email addresses or physical addresses for any future mailings to Class Members. You are entitled to reimbursement from the Settlement Fund for your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claim Administrator per record; up to a maximum of $0.03 per Summary Notice emailed or mailed by you, plus postage at the rate used by the Claims Administrator. All communications concerning the foregoing should be addressed to the Claims Administrator at info@danahersecuritiessettlement.com or:

*Danaher Securities Settlement*
c/o Verita Global, LLC
PO Box 301135
Los Angeles, CA 90030-1135

DATED: ____________, 2026

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

# APPENDIX A: PROPOSED PLAN OF ALLOCATION

The Settlement Amount of $172.5 million together with any interest earned thereon is the "Settlement Fund." The Settlement Fund, less all Taxes and Tax Expenses, Notice and Claim Administration Expenses, any Fee and Expense Award, and or any other costs or fees approved by the Court (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proofs of Claim to the Claims Administrator ("Authorized Claimants").

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.

A Recognized Loss will be calculated for each share of Danaher common stock purchased or otherwise acquired during the Class Period.[1] The calculation of Recognized Loss will depend upon several factors, including when shares of Danaher common stock were purchased or otherwise acquired during the Class Period, the price paid, whether those shares were sold, and, if sold, when they were sold and for what amounts.

The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have recovered after a trial, nor the amount that will be paid to Authorized Claimants pursuant to the Settlement. Rather, the Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund in a manner that is both equitable and economically feasible.

The Plan of Allocation was developed with the assistance of a consulting damages expert and is based on the assumption that the price of Danaher common stock was artificially inflated throughout the Class Period. The estimated amount of alleged artificial inflation during the Class Period is set forth in Table 1 below. The calculation of the alleged artificial inflation in the price of Danaher common stock during the Class Period is based on certain misrepresentations alleged by Plaintiffs and on stock price declines, net of market- and industry-wide factors, that occurred in reaction to the public announcements that allegedly corrected those misrepresentations.

The U.S. federal securities laws allow investors to recover for losses only to the extent that such losses were caused by disclosures correcting the defendants' prior false or misleading statements or omissions. Accordingly, in order to be eligible for a recovery under the Plan of Allocation, shares of Danaher common stock purchased or otherwise acquired during the Class Period must have been held during a period of time in which the price declined due to the disclosure of information correcting an allegedly misleading statement or omission. Plaintiffs and Plaintiffs'

---

[1] During the Class Period, Danaher common stock traded on the New York Stock Exchange under the ticker symbol "DHR."

Counsel have determined that such price declines occurred on the following dates: October 20, 2022; January 24, 2023; April 25, 2023; July 25, 2023; and October 24, 2023 (the "Corrective Disclosure Dates"). Accordingly, in order to have a Recognized Loss, Danaher common stock must have been purchased or acquired during the Class Period and held through at least one of the Corrective Disclosure Dates.

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Danaher common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Danaher common stock purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average closing price during the 90-Day Lookback Period. The Recognized Loss on Danaher common stock purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its average closing price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in Danaher common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

**Calculation of Recognized Loss Per Share of Danaher Common Stock**

For each share of Danaher common stock purchased or otherwise acquired during the Class Period (i.e., January 27, 2022, through October 23, 2023, inclusive), the Recognized Loss shall be calculated as follows:

i. For each share of Danaher common stock purchased during the Class Period that was subsequently sold prior to October 20, 2022, the Recognized Loss is $0.

ii. For each share of Danaher common stock purchased during the Class Period that was subsequently sold during the period October 20, 2022, through October 23, 2023, inclusive, the Recognized Loss is the amount of per-share price inflation on the date of purchase as set forth in Table 1 below *minus* the amount of per-share price inflation on the date of sale as set forth in Table 1 below.

iii. For each share of Danaher common stock purchased during the Class Period that was subsequently sold during the period October 24, 2023, through January 19, 2024, inclusive (i.e., the 90-Day Lookback Period), the Recognized Loss *is the lesser of*:

  a. the amount of per-share price inflation on the date of purchase as set forth in Table 1 below; or

  b. the purchase price *minus* the "90-Day Lookback Value" on the date of sale as set

forth in Table 2 below.

iv. For each share of Danaher common stock purchased during the Class Period and still held as of the close of trading on January 19, 2024, the Recognized Loss is *the lesser of*:

a. the amount of per-share price inflation on the date of purchase as set forth in Table 1 below; or

b. the purchase price *minus* the average closing price for Danaher common stock during the 90-Day Lookback Period, which is $216.62 (the last entry in Table 2 below).

**Table 1**

| Artificial Inflation in Danaher Common Stock | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| January 27, 2022 | October 19, 2022 | $46.40 |
| October 20, 2022 | January 23, 2023 | $34.00 |
| January 24, 2023 | April 24, 2023 | $29.86 |
| April 25, 2023 | July 24, 2023 | $11.43 |
| July 25, 2023 | October 23, 2023 | $8.71 |
| October 24, 2023 | Thereafter | $0.00 |

**Table 2**

| 90-Day Lookback Values | | | | | |
|---|---|---|---|---|---|
| **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** |
| 10/24/2023 | $196.84 | 11/21/2023 | $198.36 | 12/20/2023 | $210.29 |
| 10/25/2023 | $194.75 | 11/22/2023 | $199.40 | 12/21/2023 | $210.77 |
| 10/26/2023 | $194.39 | 11/24/2023 | $200.36 | 12/22/2023 | $211.22 |
| 10/27/2023 | $192.76 | 11/27/2023 | $201.18 | 12/26/2023 | $211.68 |
| 10/30/2023 | $191.23 | 11/28/2023 | $201.88 | 12/27/2023 | $212.15 |
| 10/31/2023 | $191.36 | 11/29/2023 | $202.68 | 12/28/2023 | $212.61 |
| 11/1/2023 | $191.17 | 11/30/2023 | $203.44 | 12/29/2023 | $213.01 |
| 11/2/2023 | $191.39 | 12/1/2023 | $204.16 | 1/2/2024 | $213.46 |
| 11/3/2023 | $192.11 | 12/4/2023 | $204.78 | 1/3/2024 | $213.82 |
| 11/6/2023 | $192.45 | 12/5/2023 | $205.26 | 1/4/2024 | $214.19 |
| 11/7/2023 | $192.98 | 12/6/2023 | $205.76 | 1/5/2024 | $214.51 |
| 11/8/2023 | $193.30 | 12/7/2023 | $206.18 | 1/8/2024 | $214.90 |
| 11/9/2023 | $193.47 | 12/8/2023 | $206.52 | 1/9/2024 | $215.20 |
| 11/10/2023 | $193.72 | 12/11/2023 | $206.95 | 1/10/2024 | $215.47 |
| 11/13/2023 | $193.87 | 12/12/2023 | $207.32 | 1/11/2024 | $215.69 |
| 11/14/2023 | $194.48 | 12/13/2023 | $207.86 | 1/12/2024 | $215.87 |
| 11/15/2023 | $195.28 | 12/14/2023 | $208.44 | 1/16/2024 | $216.06 |

| | | | | | |
|---|---|---|---|---|---|
| 11/16/2023 | $196.05 | 12/15/2023 | $208.94 | 1/17/2024 | $216.20 |
| 11/17/2023 | $196.67 | 12/18/2023 | $209.38 | 1/18/2024 | $216.37 |
| 11/20/2023 | $197.39 | 12/19/2023 | $209.88 | 1/19/2024 | $216.62 |

For Class Members who held Danaher common stock at the beginning of the Class Period or made multiple purchases, acquisitions, or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of Danaher common stock during the Class Period will be matched, in chronological order, first against Danaher common stock held at the beginning of the Class Period. The remaining sales of Danaher common stock during the Class Period will then be matched, in chronological order, against Danaher common stock purchased or acquired during the Class Period.

A purchase, acquisition, or sale of Danaher common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

With respect to Danaher common stock purchased or sold through the exercise of a publicly traded option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the exercise price. Any Recognized Loss arising from purchases of Danaher common stock acquired during the Class Period through the exercise of a publicly traded option on Danaher common stock shall be computed as provided for other purchases of Danaher common stock in the Plan of Allocation.

The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Danaher common stock. The date of a "short sale" is deemed to be the date of sale of Danaher common stock. Under the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant had a short position in Danaher common stock during the Class Period, their earliest subsequent Class Period purchases or acquisition of Danaher common stock will be matched against such short position, and not be entitled to a recovery, until that short position is fully covered.

The receipt or grant by gift, devise, or operation of law of Danaher common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of Danaher common stock for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such share unless specifically provided in the instrument of gift or assignment.

Notwithstanding any of the foregoing, shares of Danaher common stock acquired through the exercise, conversion, or exchange of non-publicly traded securities (including, without limitation, options, warrants, convertible notes, or restricted stock units) are not eligible for recovery under the Settlement. Likewise, the receipt of Danaher common stock during the Class Period in exchange for securities of any corporation or entity other than Danaher, or through a merger, acquisition, or sale of any corporation or entity, shall not be deemed a purchase or sale of Danaher common stock for purposes of the Settlement, and such shares shall be ineligible for recovery.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized

Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a pro rata share of the Net Settlement Fund based on his, her, or its total Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to non-sectarian, non-profit organization serving the public interested selected by Lead Counsel.

# EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRENDA HAWKINS, and DEREK EINERSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DANAHER CORPORATION, RAINER M. BLAIR, MATT MCGREW, and EMMANUEL LIGNER,<br><br>Defendants. | Case No. 1:23-cv-02055 (AHA) |

TO BE ELIGIBLE TO RECEIVE A DISTRIBUTION FROM THE SETTLEMENT FUND ESTABLISHED IN CONNECTION WITH THE SETTLEMENT IN *HAWKINS V. DANAHER CORP.*, CASE NO. 1:23-cv-02055 (D.D.C.) (THE "ACTION"), YOU MUST COMPLETE AND SIGN THE FOLLOWING PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN ____________, 2026** TO THE FOLLOWING ADDRESS:

***Danaher Securities Settlement***
**c/o Verita Global, LLC**
**PO Box 301135**
**Los Angeles, CA 90030-1135**

ALTERNATIVELY, YOU MAY SUBMIT AN ELECTRONIC CLAIM FORM **BY 11:59 P.M. EST ON ____________, 2026** AT WWW.DANAHERSECURITIESSETTLEMENT.COM. CLAIM FORMS THAT ARE NOT MAILED BY PREPAID FIRST-CLASS MAIL AND/OR ARE RECEIVED WITH NO POSTMARK WILL BE DEEMED TO HAVE BEEN SUBMITTED ON THE DATE OF RECEIPT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THIS ACTION, OR THEIR COUNSEL. SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AS SET FORTH ABOVE.**

## GENERAL INSTRUCTIONS

1. Capitalized terms not defined in this Claim Form have the meaning set forth in the Stipulation and Agreement of Settlement, dated April 20, 2026 ("Stipulation"), a copy of which is available on the Settlement website at www.danahersecuritiessettlement.com.

2. To receive a distribution from the Net Settlement Fund as a Class Member based on your claims in the Action, you must complete and sign the following Claim Form in accordance with the following instructions.

3. **You must mail your completed and signed Claim Form, together with all supporting documentation described below, by prepaid, First-Class mail, postmarked no later than __________________, 2026 to the following address:**

***Danaher Securities Settlement***
**c/o Verita Global, LLC**
**PO Box 301135**
**Los Angeles, CA 90030-1135**

**Alternatively, you may submit an electronic Claim Form by no later than 11:59 p.m. EST on ____________________, 2026 at www.danahersecuritiessettlement.com**. Unless your Claim Form is submitted with a postmark by first-class mail, it will be deemed to have been submitted when received by the Claims Administrator.

4. Submission of this Claim Form, however, does not guarantee that you will receive a distribution from the Net Settlement Fund. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in Appendix A of the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.

5. If you fail to submit a properly completed Claim Form with required supporting documentation by the dates specified above, your Claim may be rejected, and you may be precluded from receiving any recovery from the Net Settlement Fund in connection with the Settlement.

6. If you are a Class Member and do not request exclusion in accordance with the instructions set forth in the Notice, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, **whether or not you submit a Claim Form**.

7. It is important that you completely read and understand the Notice, a copy of which is available on the Settlement website at www.danahersecuritiessettlement.com. The Notice describes the proposed Settlement of the Action, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. By signing and submitting this Claim Form, you will be certifying that you have read and understood the Notice, including the Releases described therein and provided for herein.

**INSTRUCTIONS FOR PART I - CLAIMANT IDENTIFICATION**

8. To be eligible to receive a distribution from the Net Settlement Fund, you must be a Class Member. You are a Class Member if you purchased or otherwise acquired Danaher common stock between January 27, 2022 and October 23, 2023, inclusive, and were allegedly damaged thereby. Excluded from the Class are: (i) Defendants and members of their immediate families; (ii) any person who was a director or officer of Danaher during the Class Period; (iii) any entity in which any Defendant has or had a controlling interest; (iv) the legal representatives, heirs, successors, or assigns of any such excluded party; and (v) any Settlement Class member that submits a valid and timely request for exclusion from the Class in accordance with the requirements set by the Court.

9. If you are NOT a Class Member, or are excluded from the definition of the Class, or if you, or someone acting on your behalf, submitted a request for exclusion from the Class in accordance with the instructions set forth in the Notice, DO NOT submit a Claim Form. **You may not, directly or indirectly, participate in the Settlement if you are not a Class Member.** Thus, if you are

excluded from the Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

10. Use Part I of the Claim Form to identify each beneficial owner of Danaher common stock that forms the basis for the claim, as well as each record owner ("nominee"), if different from the beneficial owner. If you purchased or otherwise acquired Danaher common stock during the Class Period and held such stock in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired Danaher common stock during the Class Period for your own benefit, but such stock was registered in the name of a third party, such as a brokerage firm, you are the beneficial owner, but the third party is the record owner.

11. All joint beneficial owners must be identified in Part I of this Claim Form and sign the Claim Form.

12. If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, guardian, or trustee), you must complete and sign the Claim Form on behalf of the Class member, and you must:

    a. expressly state the capacity in which you are acting;
    b. identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) Danaher common stock; and
    c. furnish evidence of your authority to bind to the Claim Form the Class Member on whose behalf you are acting. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust document. **NOTE:** authority to complete and sign a Claim Form cannot be established by brokers demonstrating only that they have discretionary authority to trade securities in another person/entity's accounts.

13. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a Claim Form from joint owners should not include the transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity that includes all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

14. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with the authority to file on behalf of (a) accounts of multiple persons/entities and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their clients' transactions in the approved electronic spreadsheet format, which is available by request to the Claims Administrator at info@danahersecuritiessettlement.com or by visiting the Settlement website www.danahersecuritiessettlement.com. One spreadsheet may contain the information for multiple persons/entities and institutional accounts who constitute distinct legal entities ("Legal Entities"), but all Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (see ¶ 14.c above) along with the electronic spreadsheet. The transactions and holdings in Danaher common stock should be reported in the electronic file so that each resulting claim corresponds to a single Legal Entity, regardless of the number of individually managed accounts the Legal Entity has, as only one claim will be processed per Legal Entity (*e.g.*, a Representative Filer reporting the transactions for a fund with multiple sub-accounts should report one total holding at the start

of the Class Period, one total holding at the end of the Class Period, and a single set of transactions that includes all transactions made by the Legal Entity across their sub-accounts; this would constitute and be processed as a single claim). The Claims Administrator reserves the right to combine a Legal Entity's accounts into a single claim prior to processing in the event that a Legal Entity's accounts are divided across multiple claims when submitted by a Representative Filer. The Claims Administrator also reserves the right to request additional documentary proof regarding a Legal Entity's transactions and holdings in Danaher common stock in order to prove and accurately process the claim.

## INSTRUCTIONS FOR PART II – SCHEDULE OF TRANSACTIONS

15. Use the Schedule of Transactions in Part II of the Claim Form to supply all required details of your transaction(s) in and holdings of Danaher common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

16. Please provide **all** of the requested information with respect to your holdings, purchases, acquisitions, and sales, regardless of whether they resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.

17. For short sale transactions, the date of covering a "short sale" is deemed to be the date of the purchase of Danaher common stock, and the date of a "short sale" is deemed to be the date of sale of Danaher common stock.

18. For each transaction identified in Part II, you must submit supporting documentation, such as broker confirmation slips, broker account statements, an authorized statement from your broker reporting information about your transactions, or other similar documents. **Danaher and the Claims Administrator do not independently have information about your investments in Danaher common stock. If such documents are not in your possession, please obtain copies or equivalent documents from your broker. Failure to supply this documentation may result in the rejection of your claim.** Also, please do not highlight any portion of the Claim Form or any supporting documents.

19. DO NOT SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to the Claims Administrator.

20. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may email the Claims Administrator's electronic filing department at edata@veritaglobal.com. Any file not submitted in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim number(s) and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at edata@veritaglobal.com to inquire about your file and confirm it was received and acceptable.

## INSTRUCTIONS FOR PART IIII – RELEASE OF CLAIMS AND SIGNATURE

21. The beneficial owner or a representative of the beneficial owner, not the record owner, must complete and sign this Claim Form to be eligible to participate in the Settlement. See paragraph 10 above.

## ADDITIONAL INFORMATOIN

22. If you have questions concerning the Claim Form or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Verita, by writing to the above address, by calling the toll-free hotline at 1-888-808-9718 or by sending an email to info@danahersecuritiessettlement.com. You may download the documents from www.danahersecuritiessettlement.com.

23. **PLEASE NOTE: Your claim is not deemed submitted until you receive an acknowledgement postcard or confirmation email. The Claims Administrator will acknowledge receipt of your Claim Form by mail within 60 days, if your Claim Form is submitted by mail, or by email, if your Claim Form is submitted electronically at www.danahersecuritiessettlement.com. If you do not receive an acknowledgement postcard or email within 60 days, please contact the Claims Administrator.**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

*Hawkins v. Danaher Corp.*
Case No. 1:23-cv-02055 (AHA)

## PROOF OF CLAIM AND RELEASE FORM

The Claims Administrator will use the information supplied below for all communications regarding this Claim Form. If any of the information you supply changes, you MUST notify the Claims Administrator in writing at the address above.

### PART I - CLAIMANT IDENTIFICATION

**Please provide the required information below for the beneficial owner(s) of Danaher common stock claimed on this Claim Form. If this account is an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA account, please include "IRA" in the "Last Name" box below (e.g., Jones IRA). If the beneficial owner is an entity (i.e. a corporation, trust, estate, etc.) or this Claim Form is being completed by a representative of the beneficial owner, as outlined in paragraph 14 above, you must also include the entity name (if applicable) and the name of the representative or custodian.**

Last Name | MI | First Name

Last Name (Joint Owner, *if applicable*) | MI | First Name (Joint Owner, *if applicable*)

☐ Individual(s) ☐ IRA ☐ Estate ☐ Trust ☐ UGMA Custodian

☐ Corporation ☐ Partnership ☐ Other (describe):

Entity Name (Beneficial Owner – If Claimant is not an individual)

Representative or Custodian Name (if Claim is not submitted by beneficial owner)

Nominee/Record Owner's Name (if different from beneficial owner listed above)

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Mailing Address

Mailing Address (continued, *if applicable*)

City | State | Postal Code

Country

Last 4 digits of Claimant Social Security or Taxpayer Identification Number[1]

Telephone Number (Primary Daytime)

Telephone Number (Alternativ

Email Address

(an email address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

[1] The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

## PART II - SCHEDULE OF TRANSACTIONS

Please be sure to include proper documentation with your Claim Form as described in detail in paragraph 18 of the Instructions provided above. Do not include information regarding any securities other than Danaher common stock.

| | |
|---|---|
| 1. **BEGINNING HOLDINGS** – State the total number of shares of Danaher common stock held as of the close of trading on January 26, 2022 (must be documented). If none, write "zero" or "0." | Proof Enclosed? ☐ Y ☐ N |

| | |
|---|---|
| 2. **PURCHASES/ACQUISITIONS DURING THE PERIOD JANUARY 27, 2022, TO AND THROUGH JANUARY 19, 2024** – Separately list below each and every purchase/acquisition (including free receipts) of Danaher common stock from the opening of trading on January 27, 2022, to and through the close of trading on January 19, 2024 (must be documented).[2] | **IF NONE, CHECK HERE** ☐ |

| Date of Purchase / Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased / Acquired | Purchase / Acquisition Price Per Share | Total Purchase / Acquisition Price (excluding taxes, commissions, and fees) | Proof of Purchase / Acquisition Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ Y ☐ N |
| / / | | $ | $ | ☐ Y ☐ N |
| / / | | $ | $ | ☐ Y ☐ N |
| / / | | $ | $ | ☐ Y ☐ N |
| / / | | $ | $ | ☐ Y ☐ N |
| / / | | $ | $ | ☐ Y ☐ N |
| / / | | $ | $ | ☐ Y ☐ N |

| | |
|---|---|
| 3. **SALES DURING THE PERIOD JANUARY 27, 2022, TO AND THROUGH JANUARY 19, 2024** – Separately list below each and every sale/disposition (including free deliveries) of Danaher common stock from the opening of trading on January 27, 2022, to and through the close of trading on January 19, 2024 (must be documented). | **IF NONE, CHECK HERE** ☐ |

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding all fees, taxes, and commissions) | Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ Y ☐ N |

[2] **Please note:** Information requested with respect to your purchases/acquisitions of Danaher common stock from after the close of trading on October 23, 2023 to and through January 21, 2024 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

| | | | | |
|---|---|---|---|---|
| / / | | $ | $ | ☐ Y ☐ N |
| / / | | $ | $ | ☐ Y ☐ N |
| / / | | $ | $ | ☐ Y ☐ N |
| / / | | $ | $ | ☐ Y ☐ N |
| / / | | $ | $ | ☐ Y ☐ N |
| / / | | $ | $ | ☐ Y ☐ N |

| | |
|---|---|
| **4. HOLDINGS** – State the total number of shares of Danaher common stock held as of the close of trading on January 19, 2024 (must be documented). If none, write "zero" or "0." | Proof of Position Enclosed ☐ Y ☐ N |

☐ **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX**

## PART III - RELEASE OF CLAIMS AND SIGNATURE

## YOU MUST ALSO READ THE CERTIFICATION SET FORTH BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, attorneys, heirs, executors, and administrators in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every one of Plaintiffs' Claim against the Released Defendant Parties (as defined in the Stipulation and in the Notice), and shall be (a) permanently and forever enjoined from instituting, commencing or prosecuting, in any capacity, any and all Plaintiffs' Claims against any of the Released Defendant Parties; and (b) deemed to permanently covenant to refrain from instituting, commencing or prosecuting, in any capacity, any and all of Plaintiffs' Claims against any of the Released Defendant Parties.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s), or the person(s) who represent(s) the Claimant(s), certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Stipulation and the terms of the Plan of Allocation;

2. that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice and in paragraph 8 of the Instructions to this Claim Form, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice and in paragraph 10 of the Instructions to this Claim Form;

3. that the Claimant(s) did **not** submit a request for exclusion from the Settlement Class in accordance with the instructions set forth in the Notice;

4. that I (we) own(ed) Danaher common stock identified in the Claim Form and have not assigned the claim against any of the Released Defendant Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the Claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions of Danaher common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

6. that the Claimant(s) has (have) not already submitted to binding arbitration and is (are) not a party to any other lawsuit concerning Claimant's (Claimants') interest in Danaher common stock;

7. that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the Releases set forth herein;

8. that I (we) agree to furnish such additional information with respect to this Claim Form as the

Claims Administrator, Lead Counsel, or the Court may require;

9. that the Claimant(s) waive(s) the right to trial by jury, to the extent any such right may exist, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

10. that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

11. that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it/they is/are subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it/they is/are no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he/she/it/they is/are subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Executed this ________ day of ___________________ in _______________________________
(Month/Year) (City/State/Country)

| | |
|---|---|
| ______________________________ | ______________________________ |
| (Sign your name here) | (Sign your name here) |
| ______________________________ | ______________________________ |
| (Type or print your name here) | (Type or print your name here) |
| ______________________________ | ______________________________ |
| Capacity of person signing on behalf of Claimant, if applicable *e.g.*, executor, president, trustee, custodian, etc. (must provide evidence of authority to act on behalf of Claimant – see paragraph 12 of the Instructions on this Claim Form) | Capacity of person signing on behalf of Claimant, if applicable, *e.g.*, executor, president, trustee, custodian, etc. (must provide evidence of authority to act on behalf of Claimant – see paragraph 12 of the Instructions on this Claim Form) |

## REMINDER CHECKLIST

**Please sign the above release and certification.** If this Claim Form is being made on behalf of joint claimants, then both must sign.

Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

Please do not highlight any portion of the Claim Form or any supporting documents.

Keep copies of the completed Claim Form and documentation for your own records.

The Claims Administrator will acknowledge receipt of your Claim Form by mail or email, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard or confirmation email. **IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR CONFIRMATION EMAIL WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT 1-888-808-9718.**

If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@danahersecuritiessettlement.com, or by toll-free phone at 1-888-808-9718, or you may visit www.danahersecuritiessettlement.com. **Please DO NOT call the Defendants or their Counsel with questions regarding your claim.**

THIS CLAIM FORM MUST BE SUBMITTED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN __________, 2026**, TO THE FOLLOWING ADDRESS:

***Danaher Securities Settlement***
**c/o Verita Global, LLC**
**PO Box 301135**
**Los Angeles, CA 90030-1135**

**ALTERNATIVELY, YOU MAY SUBMIT AN ELECTRONIC CLAIM FORM BY 11:59 P.M. EST ON _____________, 2026 AT WWW.DANAHERSECURITIESSETTLEMENT.COM.** CLAIM FORMS THAT ARE NOT MAILED BY PREPAID FIRST-CLASS MAIL AND/OR ARE RECEIVED WITH NO POSTMARK WILL BE DEEMED TO HAVE BEEN SUBMITTED ON THE DATE OF RECEIPT.

You should be aware that it will take a significant amount of time to fully process all of the submitted Claim Forms and to administer the Settlement. This work will be completed as promptly as time permits. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT A-3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRENDA HAWKINS, and DEREK EINERSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DANAHER CORPORATION, RAINER M. BLAIR, MATT MCGREW, and EMMANUEL LIGNER,<br><br>Defendants. | Case No. 1:23-cv-02055 (AHA) |

**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**

**TO: All persons or entities who purchased or otherwise acquired Danaher Corporation ("Danaher") common stock between January 27, 2022, and October 23, 2023, both dates inclusive, and are not otherwise excluded (the "Class" and each person included therein a "Class Member")**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A PROPOSED CLASS ACTION SETTLEMENT IN THE ABOVE-CAPTIONED CASE (THE "ACTION").**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of Columbia (the "Court"), that a proposed class action settlement has been reached in the Action pursuant to which a $172.5 million Settlement Fund will be established (the "Settlement"), as set forth in a Stipulation of Settlement, dated April 20, 2026 (the "Stipulation"). A hearing will be held on ________________, 2026, at __:__ _.m., before the Honorable Amir H. Ali at the United States District Court for the District of Columbia, E. Barrett Prettyman United States Courthouse, Courtroom ___, 333 Constitution Avenue, NW, Washington, DC 20001, to determine whether: (1) the proposed Settlement should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Action with prejudice; (3) to award attorneys' fees and expenses to Plaintiffs'

Counsel out of the Settlement Fund, and, if so, in what amounts; (4) to make an award to Plaintiffs for their representation of the Class; and (5) the proposed plan of allocation for distributing the Settlement proceeds to Class Members (the "Plan of Allocation") should be approved by the Court as fair, reasonable, and adequate.

IF YOU ARE A MEMBER OF THE CLASS IDENTIFIED ABOVE, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THE ACTION, AND YOU MAY BE ENTITLED TO SHARE IN THE DISTRIBUTION OF THE SETTLEMENT FUND.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **postmarked no later than _______________, 2026**, or electronically via the Settlement website identified below **no later than _______________, 2026.** If you are a Class Member and do not submit a timely Proof of Claim, you will not be eligible to share in the distribution of the Settlement Fund but you will still be bound by any judgment entered by the Court in the Action.

To exclude yourself from the Class, you must submit a written request for exclusion **postmarked no later than _____________, 2026**, in accordance with the requirements ordered by the Court. All Class Members will be bound by any judgment entered by in the Action, whether or not they submit a Proof of Claim. If you submit a timely and valid request for exclusion, you will no longer be a Class Member, which means you will not be bound by any judgment entered in the Action and have no right to recover money pursuant to the Settlement.

If you are a Class Member, you may object to the Settlement, the Plan of Allocation, and/or the fee and expense application filed by Lead Counsel (the "Fee and Expense Application"). Any objection must be filed with the Court and sent to Plaintiffs' Counsel and Defendants' Counsel by **no later than __________________, 2026**, in the manner and form ordered by the Court.

You may obtain a copy of the Stipulation as well as the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which more completely describes the Settlement and your rights thereunder (including the steps you must take to exclude yourself from the Class or object to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application), and access and submit the Proof of Claim at www.danahersecuritiessettlement.com, or by contacting the Claims Administrator:

*Danaher Securities Settlement*
c/o Verita Global, LLC
P.O. Box 301135
Los Angeles, CA 90030-1135

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE OF THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE**. If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact Lead Counsel at the following address:

POMERANTZ LLP
Jeremy A. Lieberman
Justin D. D'Aloia
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661 1100
jalieberman@pomlaw.com
jdaloia@pomlaw.com

DATED: ____________________

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRENDA HAWKINS, and DEREK EINERSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DANAHER CORPORATION, RAINER M. BLAIR, MATT MCGREW, and EMMANUEL LIGNER,<br><br>Defendants. | Case No. 1:23-cv-02055 (AHA) |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, a securities class action is pending before this Court entitled *Hawkins v. Danaher Corp.*, No. 1:23-cv-02055 (the "Action");

WHEREAS, Lead Plaintiff Brenda Hawkins and plaintiff Derek Einersen (collectively "Plaintiffs"), individually and on behalf of all members of the proposed Class (defined below), and Defendants Danaher Corporation ("Danaher"), Rainer M. Blair, Matt McGrew, and Emmanuel Ligner (collectively, with Danaher, "Defendants," and together with Plaintiffs, the "Parties") have agreed to settle all claims asserted in the Action on a class-wide basis with prejudice on the terms and conditions set forth in the Stipulation of Settlement, dated April 20, 2026 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Order, all capitalized terms used herein have the same meaning set forth in the Stipulation;

WHEREAS, by Order dated __________________________ (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to approve the Settlement as fair, reasonable, and

adequate under Rule 23(e)(2) and (ii) would likely be able to certify the Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing to consider whether to fully and finally approve the Settlement as fair, reasonable, and adequate;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court held a hearing on ______________________ (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement, as set forth in the Stipulation, are fair, reasonable, and adequate, and should be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction**. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all Parties and Class Members.

2. **Incorporation of Settlement Documents**. This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on April 22, 2026; and (b) the Notice, Summary Notice, both of which were filed with the Court on ______________________.

3. **Class Certification for Settlement Purposes**. Solely for purposes of the Settlement of this Action, the Court hereby certifies the following Class pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All Persons who purchased or otherwise acquired Danaher common stock between January 27, 2022, and October 23, 2023, both dates inclusive, and who were damaged thereby, except for: (i) Defendants and members of their immediate families; (ii) any person who was a director or officer of Danaher during the Class Period; (iii) any entity in which any Defendant has or had a controlling interest; (iv) the legal representatives, heirs, successors, or assigns of any such excluded party; and (v) any Class Members that submit a valid and timely request for exclusion from the Class in accordance with the requirements set by the Court.

4. Solely for purposes of the Settlement of this Action, the Court also hereby certifies Plaintiffs as the class representatives of the Class and appoints Lead Counsel Pomerantz LLP as Class counsel and Liaison Counsel Cohen Milstein Sellers & Toll PLLC as Class liaison counsel.

5. **Class Findings**. For purposes of the Settlement only, the Court finds that each element required for certification of the Class under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure has been met in that (a) the members of the proposed Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all Class Members; (e) the questions of law and fact common to the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. For purposes of the Settlement only, the Court also finds that Plaintiffs, Lead Counsel, and Liaison Counsel have fairly and adequately represented the Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Rule 23(a)(4) and Rule 23(g) of Federal Rules of Civil Procedure, respectively.

6. **Notice**. The distribution of the Summary Notice, Notice, and Proof of Claim, and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort. The notice provided was the best notice

practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the Settlement Hearing. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed.

7. [**Objections**. There are no objections to the Settlement / The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and each is hereby overruled.]

8. **Final Approval of the Settlement**. Pursuant to, and in accordance with Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the Released Claims), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to Class Members. Specifically, the Court finds that: (a) Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. Accordingly, the Court

authorizes and directs the Parties to implement, perform, and consummate the Settlement in accordance with the terms and provisions of the Stipulation and this Judgment.

9. **Binding Effect**. The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns, except for those Persons listed on Exhibit A hereto, whose valid and timely request to be excluded from the Class are accepted by the Court.

10. **Dismissal with Prejudice**. Except for any claims held by those Persons identified in Exhibit A, the Action and all claims asserted therein are dismissed with prejudice. The Parties are to bear their own costs except as otherwise provided in the Stipulation or ordered by the Court.

11. **Releases**. The Releases set forth in paragraphs 3.2 and 3.3 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) without further action by anyone, and subject to paragraph 12 below, upon the Effective Date, Plaintiffs shall have, and each and every one of the Released Plaintiff Parties except those identified in Exhibit A shall be deemed to have, and by operation of law and of this Judgment shall have, to the fullest extent permitted by law, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of Plaintiffs' Claims (including, without limitation, Unknown Claims) as against each and every one of the Released Defendant Parties with prejudice on the merits, and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or administrative forum any and all of the Plaintiffs' Claims against any and all of the Released Defendant Parties,

regardless of whether Plaintiffs or any other Class Member has: (a) executed and delivered a Proof of Claim; (b) received the Notice; (c) filed an objection to the Settlement, the proposed Plan of Allocation, or any Fee and Expense Application; (d) had their Claims approved or allowed; or (e) received a distribution from the Settlement Fund; and

(b) without further action by anyone, and subject to paragraph 12 below, upon the Effective Date, Defendants shall have, and each and every one of the Released Defendant Parties shall be deemed to have, and by operation of law and of this Judgment shall have, to the fullest extent permitted by the law, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of Defendants' Claims (including, without limitation, Unknown Claims) as against each and every one of the Released Plaintiff Parties except those identified in Exhibit A, and shall be deemed to have covenanted not to sue any such Released Plaintiff Parties on the basis of Defendants' Claims against any such Released Plaintiff Parties.

12. Notwithstanding paragraph 11(a)-(b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. **Bar Order**. Upon the Effective Date, any and all claims for contribution, however denominated, based upon or arising out of Plaintiffs' Claims (a) by any person against any of the Released Defendant Parties; or (b) by any of the Released Defendant Parties against any other person or entity, other than a person or entity whose liability has been extinguished by the Settlement, are permanently barred, extinguished, and discharged to the fullest extent permitted by 15 U.S.C. § 78u-4(f)(7) or any other law (the "**Bar Order**").

14. **Judgment Reduction**. Any final verdict or judgment that may be obtained by or on behalf of any Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the amount paid by or on behalf of Defendants to the

Class or Class Member for common damages.

15. **Rule 11 Findings**. The Court finds that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

16. **Plan of Allocation and Fee and Expense Application**. Separate orders shall be entered regarding the Plan of Allocation and the Fee and Expense Application. Such orders, or any appeal from any order relating thereto, shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17. **Modification to Stipulation**. Without further approval from the Court, Plaintiffs and Defendants are authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18. **Termination of Settlement**. If the Settlement is validly terminated as provided in the Stipulation or the Effective Date of the Settlement fails to occur for any reason whatsoever, this Judgment shall be vacated and rendered null and void, and be of no further force or effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Class Members, and Defendants, and Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on March 26, 2026, as provided in the Stipulation.

19. **No Admission**. Neither the Settlement, the Stipulation, nor any of its terms or provisions, including the exhibits thereto and the Plan of Allocation contained therein, nor any act performed or any acts, proceedings, communications, drafts, documents, or agreements executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or

may be used as an admission of, or evidence of, the validity of any of Plaintiffs' legal arguments or claims or of any wrongdoing or liability of the Released Defendant Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiffs were not valid or that the amount recoverable would have been, or would not have been, the same as the Settlement Amount in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal. The Released Defendant Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy. The Parties may file the Stipulation and/or the Judgment in any action that may be brought to enforce the terms of the Stipulation and/or the Judgment.

20. **Retention of Jurisdiction**. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any Fee and Expense Application by Lead Counsel; (d) any motion to approve the Plan of Allocation; (e) any motion to order distribution of the Net Settlement Fund to Authorized Claimants; and (f) the Class Members for all matters relating to the Action.

21. **Entry of Final Judgment**. There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

IT IS SO ORDERED.

DATED: ___________________________ ___________________________________________

THE HONORABLE AMIR H. ALI
United States District Judge