**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BRENDA HAWKINS, *et al.*,<br><br>          *Plaintiffs*,<br><br>     v.<br><br>DANAHER CORPORATION, *et al.*,<br><br>          *Defendants*. | Civil Action No. 23-02055 (AHA) |

**Order Preliminarily Approving Settlement And Providing For Notice**

WHEREAS, a securities class action is pending before this court entitled *Hawkins v. Danaher Corp.*, No. 1:23-cv-02055 (the "Action");

WHEREAS, Lead Plaintiff Brenda Hawkins and Plaintiff Derek Einersen (collectively "Plaintiffs"), individually and on behalf of all members of the proposed Class (defined below), and Defendants Danaher Corporation ("Danaher"), Rainer M. Blair, Matt McGrew, and Emmanuel Ligner (collectively, with Danaher, "Defendants," and together with Plaintiffs, the "Parties") have agreed to settle all claims asserted in the Action on a class-wide basis with prejudice on the terms and conditions set forth in the Stipulation of Settlement, dated April 20, 2026 (the "Stipulation"), subject to the approval of this court (the "Settlement");

WHEREAS, unless otherwise defined in this order, all capitalized terms used herein have the same meaning set forth in the Stipulation;

WHEREAS, the Parties have made an application, under Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement, and authorizing notice of the proposed Settlement to Class Members as more fully described herein; and

WHEREAS, the court has considered: (a) Plaintiffs' unopposed motion for preliminary approval of the Settlement and authorization to provide notice of the Settlement to the Class, and all papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits annexed thereto;

The court grants Plaintiffs' unopposed motion for preliminary approval of class action settlement, ECF No. 51. The court further specifies the following:

1.     **Proposed Class Certification for Settlement Purposes**. The Parties propose certifying the following Class for settlement purposes, under Federal Rules of Civil Procedure 23(a) and 23(b)(3):

> All Persons who purchased or otherwise acquired Danaher common stock between January 27, 2022, and October 23, 2023, both dates inclusive (the "Class Period"), and who were damaged thereby, except for: (i) Defendants and members of their immediate families; (ii) any person who was a director or officer of Danaher during the Class Period; (iii) any entity in which any Defendant has or had a controlling interest; (iv) the legal representatives, heirs, successors, or assigns of any such excluded party; and (v) any Class Members that submit a valid and timely request for exclusion from the Class in accordance with the requirements set by the court.

2.     The Parties also propose the appointment of Plaintiffs as the class representatives of the Class and the appointments of Lead Counsel Pomerantz LLP as Class counsel and Liaison Counsel Cohen Milstein Sellers & Toll PLLC as Class liaison counsel.

3.     **Class Findings**. The court concludes, under Federal Rule of Civil Procedure 23(e)(1)(B)(ii), that it will likely be able to certify the proposed Class for purposes of the proposed Settlement. Specifically, the court finds that each element required for certification of the Class under Rule 23(a) and Rule 23(b)(3) will likely be met in that (a) the members of the proposed Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical

of the claims of the Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all Class Members; (e) the questions of law and fact common to the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The court also finds under Rule 23(e)(1)(B)(ii) that it will likely be able to certify Plaintiffs as the Class representatives and appoint Lead Counsel Pomerantz LLP as Class counsel and Liaison Counsel Cohen Milstein Sellers & Toll PLLC as Class liaison counsel under Rule 23(g).

4.    **Preliminary Approval of the Settlement**. The court preliminarily approves the Settlement, as embodied in the Stipulation, and finds under Federal Rule of Civil Procedure 23(e)(1)(B)(i) that it will likely be able to grant final approval of the Settlement under Rule 23(e)(2) as fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Fairness Hearing described below.

5.    **Settlement Fairness Hearing**. A hearing (the "Settlement Fairness Hearing") shall be held before this court on September 3, 2026, at 10:30 a.m., at the United States District Court, District of Columbia, E. Barrett Prettyman United States Courthouse, Courtroom 19, 333 Constitution Avenue, NW, Washington, DC 20001, for the following purposes:

(a)    to determine whether the Settlement on the terms and conditions in the Stipulation is fair, reasonable, and adequate, and should be approved by the court;

(b)    to determine whether, for purposes of the Settlement, the Action should be certified as a class action on behalf of the Class, Lead Plaintiffs should be certified as class representatives for the Class, and Lead Counsel and Liaison Counsel should be appointed as Class counsel and Class

liaison counsel, respectively;

(c)      to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action on the merits and with prejudice;

(d)      to determine whether the proposed Plan of Allocation for distributing the Net Settlement Fund should be approved by the court;

(e)      to consider any Fee and Expense Application;

(f)      to consider any application by Plaintiff for a compensatory award;

(g)      to rule upon such other matters as the court may deem appropriate.

6.      The court may adjourn the Settlement Fairness Hearing without further notice to the Class, and reserves the option to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties, if appropriate, without further notice to the Class where doing so would not impair Class Members' rights under Federal Rule of Civil Procedure 23 and due process of law.

7.      **Claims Administrator**. Lead Counsel is hereby authorized to retain Verita Global, LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of Proofs of Claims as more fully set forth below.

8.      **Form and Content of Notice**.  The court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), annexed hereto as Exhibits 1, 2, and 3, respectively, and finds that the distribution and publication of the Summary Notice, substantially in the manner and form set forth in ¶ 9 of this order (i) satisfies the requirements of Federal Rule of Civil Procedure 23 and

due process; (ii) is the best notice practicable under the circumstances; and (iii) shall constitute due and sufficient notice to all Persons entitled thereto. The date and time of the Settlement Fairness Hearing shall be included in the Summary Notice and Notice before they are mailed, emailed, posted, and published, as the case may be.

9. **Notice Program**. Notice of the Settlement and the Settlement Fairness Hearing shall be given by Lead Counsel as follows:

(a) no later than twenty-one (21) calendar days after the date of entry of this order (the "Notice Date"), the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be mailed by first-class mail and/or emailed to all Class Members who can be identified with reasonable effort, including those set forth in the records provided by Danaher, and shall cause a copy of the Notice and Proof of Claim, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (together, the "Notice Packet"), to be mailed to the brokers and other nominees ("Nominees") contained in the Claims Administrator's broker database;

(b) contemporaneously with the mailing of the Summary Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on the website for the Settlement, at www.danahersecuritiessettlement.com, and mail a copy of the Notice Packet to any person who makes such a request;

(c) no later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal* and once over a national newswire service; and

(d) at least seven (7) calendar days prior to the Settlement Fairness Hearing, Lead Counsel

shall serve on Defendants' Counsel and file with the court proof, by affidavit or declaration, of such emailing, mailing, posting, and publishing.

10.      **Nominee Procedures**.  Nominees who purchased or otherwise acquired Danaher common stock for the beneficial ownership of any Class Member during the Class Period shall: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Summary Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of the Summary Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list to the Claims Administrator with the name and email address or physical address, where an email address is unavailable, of all such beneficial owners in which event the Claims Administrator shall promptly email or mail the Summary Notice to such beneficial owners. If a nominee elects to send the Summary Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Summary Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03

per Summary Notice mailed by nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Summary Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

11.    **CAFA Notice**. As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA"), no later than ten (10) calendar days following the filing of the Stipulation with the court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA Notice. No later than seven (7) calendar days before the Settlement Fairness Hearing, Defendants shall cause to be served on Lead Counsel and filed with the court proof, by affidavit or declaration, regarding such CAFA Notice.

12.    **Participation in the Settlement**. Any Class Member who wishes to participate in the recovery from the Net Settlement Fund must complete and submit a Proof of Claim to the Claims Administrator at the post office box or electronic mailbox indicated in the Notice and Proof of Claim no later than ninety (90) calendar days from the Notice Date. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail). Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice. Notwithstanding the foregoing, Lead Counsel may, in its sole discretion, accept for processing untimely Proofs of Claim provided that such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Proof of Claim, a Claimant shall be deemed to have submitted to the jurisdiction of the court with respect to the Proof of Claim.

13.    The Proof of Claim submitted by each Class Member must satisfy the following

conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his, her, its, or their current authority to act on behalf of the Class Member must be provided with the Proof of Claim to the satisfaction of the Claims Administrator or Lead Counsel; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

14.     With respect to each timely submitted Proof of Claim and each late accepted Proof of Claim permitted by Lead Counsel, the Claims Administrator shall determine whether such Claim is valid, deficient, or rejected, in whole or in part. For each Proof of Claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter, as appropriate, describing the basis on which the Proof of Claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded at least twenty (20) calendar days to cure such deficiency if such deficiency may be cured.

15.     Any Class Member who does not submit a Proof of Claim that is approved by the court, or otherwise requests exclusion from the Class as set forth below (a) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment, and the Releases provided

for therein, whether favorable or unfavorable to the Class; and (b) will be barred from prosecuting any of Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice, whether or not he, she, or it submits a Proof of Claim.

16.    **Exclusion from the Class**. All Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request to be excluded, or "opt out," from the Class. A Class Member wishing to be excluded from the Class must submit to the Claims Administrator a written request for exclusion ("Request for Exclusion") within the time and in the manner set forth in the Notice, which shall provide that: (a) any such Request for Exclusion must be sent by first-class mail such that it is postmarked no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing to: *Danaher Securities Settlement*, c/o Verita Global, LLC, EXCLUSIONS, P.O. Box 301135, Los Angeles, CA 90030-1135; and (b) each Request for Exclusion must be signed and must legibly state: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) the number of shares of Danaher common stock that the Person requesting exclusion owned as of the opening of trading on January 27, 2022, and purchased, otherwise acquired, and/or sold during the Class Period, as well as the number of shares, dates, and prices for each such purchase, other acquisition, and sale; and (iii) that the Person wishes to be excluded from the Class in *Hawkins v. Danaher Corp.*, No. 1:23-cv-02055 (D.D.C.). A Request for Exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the court. Lead Counsel is authorized to request from anyone who submits a Request for Exclusion documentation sufficient to substantiate the information called for above.

17.    Any Class Member who submits a valid and timely Request for Exclusion in the

manner set forth in this order shall no longer be a Class Member, shall not be found by the terms of the Settlement or any orders or judgments in the Action, and shall not share in the distribution of the Net Settlement Fund.

18.    Any Class Member who or which does not timely and validly submit a Request for Exclusion in the manner stated in this order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from prosecuting any of Plaintiffs' Claims against any of Defendants' Releasees, as more fully described in the Stipulation and Notice, whether or not he, she, or it submits a Proof of Claim.

19.    The Claims Administrator or Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion as expeditiously as possible, but in no event later than five (5) calendar days from receipt thereof, and in any event, copies of all timely Requests for Exclusion shall be provided to Defendants' Counsel at least fourteen (14) calendar days before the Settlement Fairness Hearing.

20.    **Appearance and Objections at Settlement Fairness Hearing**. Any Class Member who or which does not submit a timely and valid Request for Exclusion in accordance with the provisions of this order may enter an appearance in the Action, at his, her, or its own expense,

individually or through counsel of his, her, or its own choice. Any Class Member who or which does not enter an appearance will be represented by Lead Counsel.

21.    The court will consider comments or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, only if such comments or objections and any supporting papers are filed with the Clerk of the Court, United States District Court, District of Columbia, E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, NW, Washington, D.C. 20001, copies of such objections are served on Lead Counsel and Defendants' Counsel at the addresses set forth below, such that they are postmarked at least fourteen (14) calendar days prior to the Settlement Fairness Hearing:

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Pomerantz LLP | Gibson, Dunn & Crutcher LLP |
| Jeremy A. Lieberman | Brian M. Lutz |
| Justin D. D'Aloia | Lisa Percopo |
| 600 Third Avenue, 20th Floor | 1700 M. Street, N.W. |
| New York, NY 10016 | Washington, D.C. 20036 |

The objection must clearly identify (a) the case name and number of this proceeding, *Hawkins v. Danaher Corp.*, No. 1:23-cv-02055; (b) the objector's full name, current address, and telephone number; (c) the objector's signature, even if represented by counsel; (d) a statement providing the specific reason(s) for the objection, including whether it applies only to the objector, a specific subset of the Class, or the entire Class; and (e) include documentation establishing the objector's membership in the Class, including the number of shares of Danaher common stock that the objecting Person owned as of the opening of trading on January 27, 2022, and purchased, otherwise acquired, and/or sold during the Class Period, as well as the dates and prices for each such purchase, other acquisition or sale.

22.    Any Class Member who does not make his, her, or its objection in the manner provided

herein shall be deemed to have waived the right to object and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement, the Plan of Allocation, or the Fee and Expense Application unless otherwise ordered by the court.

23.     Attendance at the Settlement Fairness Hearing is not necessary, but any Person wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, or the Fee and Expense Application is required to indicate in their written objection whether they intend to appear at the Settlement Fairness Hearing.

24.     **Supporting Papers**.  All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and/or any Fee and Expense Application shall be filed and served no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing. Reply papers, if any, shall be filed and served at least seven (7) calendar days prior to the Settlement Fairness Hearing.

25.     **Stay of Proceedings**. All proceedings in the Action are stayed until further order of this court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the proposed Settlement should be approved, no Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of Plaintiffs' Claims.

26.     **Settlement Administration Fees and Expenses**. All expenses and costs incurred in identifying Class Members, notifying Class Members of the Settlement, and administering the Settlement shall be paid from the Settlement Fund as set forth in the Stipulation without further order of the court.

27. **Settlement Fund**. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the court, and shall remain subject to the jurisdiction of the court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the court.

28. **Taxes**. Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the court in a manner consistent with the provisions of the Stipulation.

29. **Termination of Settlement**. If the Settlement is validly terminated as provided in the Stipulation, the Settlement is not approved in a final order, or the Effective Date of the Settlement fails to occur for any reason whatsoever, this order shall be vacated and rendered null and void, and be of no further force or effect, except as otherwise provided by the Stipulation, and this order shall be without prejudice to the rights of Plaintiffs, the other Class Members, and Defendants, and Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on March 26, 2026, as provided in the Stipulation.

30. **No Admissions**. Neither this order, the Term Sheet, the Stipulation, nor any of its terms or provisions, including the exhibits thereto and the Plan of Allocation contained therein, nor any of the negotiations or proceedings connected with those documents, shall be construed or deemed to be evidence of or constitute an admission, concession, or finding with respect to any allegation in the Action, or any fault, negligence, liability, wrongdoing, or damage of any kind.

_____

AMIR H. ALI
United States District Judge

Date:   June 1, 2026