**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRENDA HAWKINS, and DEREK EINERSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DANAHER CORPORATION, RAINER M. BLAIR, MATT MCGREW, and EMMANUEL LIGNER,<br><br>Defendants. | Case No. 1:23-cv-02055 (AHA) |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, Lead Plaintiff Brenda Hawkins and plaintiff Derek Einersen (collectively "Plaintiffs"), individually and on behalf of all members of the proposed Class (defined below), and Defendants Danaher Corporation ("Danaher"), Rainer M. Blair, Matt McGrew, and Emmanuel Ligner (collectively, with Danaher, "Defendants," and together with Plaintiffs, the "Parties") have agreed to settle all claims asserted in the above-captioned action (the "Action") on a class-wide basis with prejudice on the terms and conditions set forth in the Stipulation of Settlement, dated April 20, 2026 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, this matter is before the Court on Plaintiffs' motion for final approval of class action settlement (ECF No. 57) (the "Final Approval Motion"); and Lead Counsel's motion for an award of attorneys' fees and litigation expenses (ECF No. 58) (the "Fee and Expense Application");

WHEREAS, by Order dated June 1, 2026 (the "Preliminary Approval Order"), this Court preliminarily approved the Settlement, provisionally certified the Class for purposes of the Settlement, and directed that notice be provided to potential Class Members;

WHEREAS, the Court held a hearing on September 3, 2026 (the "Settlement Fairness Hearing") to consider, among other things, (a) the Final Approval Motion; (b) the Fee and Expense Application and (c) whether a judgment should be entered dismissing the Action with prejudice as against Defendants;

WHEREAS, at the conclusion of the Settlement Fairness Hearing, the Court ruled orally on the record, granting the Final Approval Motion and the Fee and Expense Application for the reasons stated therein, and thereafter directed the Parties to submit a proposed final judgment consistent with that ruling;

WHEREAS, unless otherwise defined in this Order, all capitalized terms used herein have the same meaning set forth in the Stipulation; and

WHEREAS, the Court having reviewed and considered the Stipulation, the Final Approval Motion, the Fee and Expense Application, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction**. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all Parties and Class Members.

2. **Incorporation of the Stipulation**. The Stipulation is incorporated by reference and made a part of this Judgment.

3. **Class Certification for Settlement Purposes**. Solely for purposes of the Settlement of this Action, the Court hereby certifies the following Class pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All Persons who purchased or otherwise acquired Danaher common stock between January 27, 2022, and October 23, 2023, both dates inclusive, and who were damaged thereby, except for: (i) Defendants and members of their immediate families; (ii) any person who was a director or officer of Danaher during the Class Period; (iii) any entity in which any Defendant has or had a controlling interest; (iv) the legal representatives, heirs, successors, or assigns of any such excluded party; and (v) any Class Members that submit a valid and timely request for exclusion from the Class in accordance with the requirements set by the Court.

4. Solely for purposes of the Settlement of this Action, the Court also hereby certifies Plaintiffs as the class representatives of the Class and appoints Lead Counsel Pomerantz LLP as Class counsel and Liaison Counsel Cohen Milstein Sellers & Toll PLLC as Class liaison counsel.

5. **Class Findings**. For purposes of the Settlement only, the Court finds that each element required for certification of the Class under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure has been met for all the reasons stated on the record at the Settlement Fairness Hearing. The Court also finds for all the reasons stated on the record at the Settlement Fairness Hearing that the notice provided was the best notice practicable under the circumstances and that no Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. For purposes of the Settlement only, the Court also finds that Plaintiffs, Lead Counsel, and Liaison Counsel have fairly and adequately represented the Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Rule 23(a)(4) and Rule 23(g) of Federal Rules of Civil Procedure, respectively.

6. **Final Approval of the Settlement**. Pursuant to, and in accordance with Rule

23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the Released Claims), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to Class Members for all the reasons stated on the record at the Settlement Fairness Hearing. Accordingly, the Court authorizes and directs the Parties to implement, perform, and consummate the Settlement in accordance with the terms and provisions of the Stipulation and this Judgment.

7. **Final Approval of the Plan of Allocation**. The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable for all the reasons stated on the record at the Settlement Fairness Hearing. Accordingly, the Court hereby approves the Plan of Allocation proposed by Plaintiffs.

8. **Attorneys' Fees and Litigation Expenses.** Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 30% of the Settlement Fund, and $504,502.71 in payment of litigation expenses incurred by Plaintiffs' Counsel, plus accrued interest at the same rate as earned by the Settlement Fund, which sums the Court finds to be fair and reasonable for all the reasons stated on the record at the Settlement Fairness Hearing. Such fees and expenses shall be paid from the Settlement Fund pursuant to the terms and conditions of the Stipulation. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner in which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and resolution of the Action.

9. **Service Awards**. Plaintiffs are hereby granted service awards for the time they devoted to this Action for the benefit of the Class in the amounts of (i) $35,000 to Brenda Hawkins and (ii) $30,000 to Derek Einersen.

10. **Objections**. There were no timely objections to the proposed Settlement. There was one late-filed objection to the Settlement submitted by Wilfred and Jane Tom Rev Trust U/A 4/13/15, which the Court rejects as untimely. There was one objection to the Fee and Expense Application submitted by Avrohom Senderovic, which the Court has considered and overruled for all the reasons stated on the record at the Settlement Fairness Hearing.

11. **Binding Effect**. The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns, except for the individual identified on Exhibit A hereto, whose valid and timely request to be excluded from the Class is accepted by the Court.

12. **Dismissal with Prejudice**. Except for any claims held by the individual identified in Exhibit A, the Action and all claims asserted therein are dismissed with prejudice. The Parties are to bear their own costs except as otherwise provided in the Stipulation or ordered by the Court.

13. **Releases**. The Releases set forth in Section 3 of the Stipulation are expressly incorporated herein in all respects. The Court orders that the Releases are effective upon the Effective Date, and that, as of the Effective Date, Plaintiffs and all other Class Members shall be barred and enjoined from asserting or prosecuting any of Plaintiffs' Claims against any of the Released Defendant Parties. Notwithstanding the foregoing, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. **Bar Order**. Upon the Effective Date, any and all claims for contribution, however denominated, based upon or arising out of Plaintiffs' Claims (a) by any person against any of the

Released Defendant Parties; or (b) by any of the Released Defendant Parties against any other person or entity, other than a person or entity whose liability has been extinguished by the Settlement, are permanently barred, extinguished, and discharged to the fullest extent permitted by 15 U.S.C. § 78u-4(f)(7) or any other law (the "**Bar Order**"). Pursuant to 15 U.S.C. § 78u-4(f)(7)(B), any final verdict or judgment obtained by or on behalf of any Class Member against any person or entity subject to the Bar Order shall be reduced as provided in that section.

14. **Rule 11 Findings**. The Court finds that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

15. **Finality; Effect of Termination**. The Court's rulings herein approving the Plan of Allocation and granting the Fee and Expense Application and the service awards to Plaintiffs are separate from and severable from the Court's approval of the Settlement and are separately appealable. Any appeal from, or any modification, reversal, or vacatur of, any such ruling shall not affect or delay the finality of this Judgment, the Effective Date, or the Releases, the Bar Order, and dismissal with prejudice provided for herein. If the Effective Date does not occur or the Settlement is terminated in accordance with the Stipulation, this Judgment shall be vacated *nunc pro tunc* and rendered null and void and the Parties shall be restored to their respective positions as provided in paragraph 9.5 of the Stipulation.

16. **No Admission**. As set forth in Section 10 of the incorporated Stipulation, nothing in the Settlement, the Stipulation, this Order, or any act or document in furtherance of the same may be deemed or used as an admission or evidence against any Party. The Released Defendant Parties may file the Stipulation and this Judgment in any other action to support any defense or counterclaim based on res judicata, collateral estoppel, release, judgment bar or reduction, or any

similar theory, or to effectuate any liability protection under any applicable insurance policy.

17. **Retention of Jurisdiction**. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any Fee and Expense Application by Lead Counsel; (d) any motion to approve the Plan of Allocation; (e) any motion to order distribution of the Net Settlement Fund to Authorized Claimants; and (f) the Class Members for all matters relating to the Action.

18. **Entry of Final Judgment**. There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

IT IS SO ORDERED.

DATED: ____________________________ ____________________________________________

THE HONORABLE AMIR H. ALI
United States District Judge

# Exhibit A

*DAH-EXCL00010*

[redacted]

RECEIVED
August 14, 2026
Claims Center

# Exclusion Cover Page

Case Name: Hawkins v Danaher Corp

Case Code: DAH

Exclusion Deadline: August 13, 2026
(Postmarked or Received On or Before)

Name of Person Filing Exclusion: Denise E Silverberg

Denise E. Silverberg
503 King Farm Blvd. Apt 302
Rockville, MD 20850
(301) 351-9590
August 8, 2026

Danaher Securities Settlement
c/o Verita Global, LLC
EXCLUSIONS
P.O. Box 301135
Los Angeles, CA 90030-11356

Dear Sir/Ma’am,

I request exclusion from the Class in the Danaher Securities Settlement.

| | | | |
|---|---|---|---|
| 08/05/22 acquired 35 shares | disposed 11/04/22 | proceeds: 8,400.86 | cost basis: 10,028.38 |
| 12/05/22 acquired 7 shares | disposed 01/06/23 | proceeds: 1,734.83 | cost basis: 1,872.64 |
| 12/05/22 acquired 1 share | disposed 5/22/23 | proceeds: 230.51 | cost basis: 267.52 |
| 12/05/22 acquired 5 shares | disposed 07/12/23 | proceeds: 1,192.18 | cost basis: 1,337.60 |
| 12/05/22 acquired 5 shares | disposed 07/13/23 | proceeds: 1,194.33 | cost basis: 1,337.60 |
| 12/05/22 acquired 8 shares | disposed 07/14/23 | proceeds: 1,925.04 | cost basis: 2,140.16 |
| 12/05/22 acquired 9 shares | disposed 07/17/23 | proceeds 2,139.90 | cost basis: 2,407.68 |

Sincerely,

Denise E. Silverberg

Denise E. Silverberg

Denise Silverberg
503 King Farm Blvd., Apt. 302
Rockville, MD 20850-6670

CAPITAL DISTRICT 208

10 AUG 2026 PM 2 L



RECEIVED
AUG 14 2026
VERITA GLOBAL

Danaher Securities Settlement
c/o Verita Global, LLC
EXCLUSIONS
P.O. Box 301135
Los Angeles, CA 90030-11356

90030-113535